THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RONALD POWELL, Defendant-Appellant.

(No. 73-295;

Third District—August 13, 1974.

424

Richard Steck, of State Appellate Defender's Office, of Ottawa, for appellant.

Jay H. Janssen, Assistant State's Attorney, of Pekin, for the People.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

Ronald Powell, the defendant, was indicted by the grand jury of Tazewell County for the offenses of burglary, aggravated battery, and felony escape. Pursuant to negotiations he entered pleas of guilty to these charges, which were accepted and he was then sentenced to concurrent terms in the penitentiary of not less than three (3) nor more than nine (9) years for burglary, not less than one (1) nor more than three (3) years for aggravated battery and not less than one (1) nor more than three (3) years for felony escape.

On appeal in this court the defendant contends that the trial court failed to properly admonish him in accordance with Supreme Court Rule 402 (Ill. Rev. Stat. 1973, ch. 110A, par. 402). His specific contention is that the court failed to advise him properly as to the nature of the charges against him and to further make a determination that he understood them pursuant to Supreme Court Rule 402(a)(1).

The record discloses that the defendant at arraignment appeared in court with his attorney. The trial court advised the defendant as to the charges against him and provided him with copies of the indictments which had been returned. As to the charge of burglary the trial court advised the defendant that he was being charged with this offense as the result of burglarizing a business known as Sip & Cue, 107 South Main in Mackinaw, with intent to commit a theft therein on March 29, 1973. The defendant was interrogated as to whether he had discussed the charges against him with his attorney and if he fully understood the nature of the offenses with which he was being charged. The record shows that the defendant answered on three occasions that he understood the charges against him.

We find the situation present in the case now before us quite similar to that which existed in *People v. Trinka,* 10 Ill.App.3d 183, 293 N.E.2d 179. In *Trinka* we affirmed a plea of guilty where defendant's attorney, in the presence of the defendant, established in open court that the attorney had gone over the information charging the defendant with misdemeanor theft, and where the defendant acknowledged that such was true and indicated a desire to plead guilty to the charge.

In the instant case it is clear that the defendant and his attorney considered the indictments in open court, that the defendant acknowledged that the charges in the indictments were true and he expressed a desire to enter pleas of guilty to them.

■■ We are not of the opinion that the trial court is under a duty to recite all of the facts and elements of the crime with which a defendant is charged. (See *People v. Tennyson,* 9 Ill.App.3d 329, 292 N.E.2d 223; *People v. Hickman,* 9 Ill.App.3d 39, 291 N.E.2d 523.) We are familiar with the case of *People v. Ingeneri,* 7 Ill.App.3d 809, 288 N.E.2d 550, in which the reviewing court held that the trial court must inform a defendant of all the elements of the crime with which he is being charged, however, our court and reviewing courts in other appellate court districts have held to the contrary and such holdings have been subsequent to the case of *Ingeneri.* We will adhere to the position we have previously taken and therefore find that the trial court adequately admonished the defendant as to the nature of the offenses and it is clear that the defendant repeatedly acknowledged that he understood the nature of them.

Lastly the defendant claims that the trial court erred by ordering judgment of conviction and sentence on both the charges of aggravated battery and escape since both charges arose from the same or identical conduct. The People agree with this contention of the defendant and rightfully so. See *People v. Lilly,* 56 Ill. 493, 309 N.E.2d 1; *People v. Lerch,* 52 Ill.2d 78, 284 N.E.2d 293.

■■ For the reasons stated the judgments of the circuit court of Tazewell County entered on the offenses of burglary and aggravated battery and the sentences imposed thereon are affirmed. The judgment is reversed and vacated as to the offense of escape.

Affirmed in part and vacated in part.

ALLOY and STOUDER, JJ., concur.