THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT WILLIAM SUMMERS, Defendant-Appellant.

(No. 12649; )

Fourth District—November 21, 1974.

Richard J. Wilson and John L. Swartz, both of State Appellate Defender's Office, of Springfield (Edward R. Green, Senior Law Student, of counsel), for appellant.

Robert J. Bier, State's Attorney, of Quincy (John W. Foltz, of Circuit Attorneys Project, of counsel), for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant, Robert William Summers, appeals from a conviction entered pursuant to a guilty plea for the offense of murder and from a sentence imposed of 18 to 54 years. The only issue raised before this court is whether the trial court erred in admonishing defendant regarding the nature of the charge.

On October 29, 1973, defendant was charged by information with two counts of murder. On that same date defendant was arraigned and acknowledged receipt of the information. At this time the information was read verbatim to defendant, the two applicable sections of the murder statute were read to defendant, and defendant indicated that he understood the nature of the charges. On November 27, 1973, defendant was indicted on the two murder counts. On December 3, 1973, defendant was arraigned on the indictment, and the trial judge admonished defendant regarding the nature of the charges as follows:

"The Court: The indictment in this case, Mr. Summers and Mr.

Handley [co-defendant] is in four counts. The 1st Count and the 3rd Count relates to Mr. Summers * * * In the 1st Count, Mr. Summers, it is charged that you on or about the 27th day of October, 1973, at and within the County of Adams and in the State of Illinois, committed the offense of murder, in that you, without lawful justification, with a gun, shot and killed Robert Maher with intent to kill Robert Maher, in violation of Chapter 38, Section 9—1(a)(1) Illinois Revised Statutes. The 3rd Count of the indictment, Mr. Summers, charges you also with the offense of murder, specifically it charges that you, on or about the 27th day of October, 1973, at and within the County of Adams and in the State of Illinois, without lawful justification, while committing a forcible felony of armed robbery, caused the death of Robert Maher, in violation of Chapter 38, Section 9—1(a)(3), Illinois Revised Statutes.

* * *

The Statutes of Illinois, with respect to the offense of murder, state this:

'That a person who kills an individual, without lawful justification, commits murder. If in performing the acts, which cause the death (1) he either intends to kill or do great bodily harm to that individual or another or he knows that such act creates strong probability of death or great bodily harm to that individual or another or he is attempting or committing a forcible felony other than voluntary manslaughter.'"

Defendant then entered a plea of not guilty. On December 27, 1973, defendant appeared in court to change his plea pursuant to an agreement with the State. The following colloquy then transpired:

"The Court: You are entitled to know the nature of the charge that's made against you here. I previously on another occasion explained to you what that charge was. Do you know what you're charged with here?

Mr. Summers: Yes, sir.

The Court: What are you charged with?

Mr. Summers: I'm charged with murder.

The Court: Is there anything more specific about the charge than that?

Mr. Summers: A felony murder, I believe.

The Court: And does it tell you where it happened?

Mr. Summers, Yes, sir.

The Court: And what does the charge say as to where it happened?

Mr. Summers: It says that I, without legal justification, shot and killed Robert Maher."

The State indicated that it had promised defendant that upon a plea of guilty to count one, it would move to dismiss count three and recommend a 20- to 60-year sentence. The State then proceeded to establish a factual basis for the plea, indicating that an eyewitness would testify that she saw defendant shoot Robert Maher. Defendant did not object to the State's presentation. Defendant then pleaded guilty to count one of the indictment, and the court accepted said plea.

It is contended that the trial judge erred in admonishing defendant regarding the nature of the charge in violation of Supreme Court Rule 402(a)(1) (Ill. Rev. Stat. 1973, ch. 110A, par. 402(a)(1)) because defendant thought he was pleading guilty to felony murder under count three of the indictment whereas he was actually pleading guilty to intent murder under count one. We do not agree. At the hearing on the charge of plea defendant indicated that he understood what he was charged with, and that he was pleading guilty to the charge "that I, without lawful justification, shot and killed Robert Maher." Furthermore, the recital of the State's evidence indicated clearly what criminal conduct of defendant the State expected to prove. The defendant did not object to the prosecutor's presentation and continued to persist in his plea. (See *People v. Krantz*, 58 Ill.2d 187, 317 N.E.2d 559.) Our review of the record shows that the trial court clearly satisfied the requirements of Rule 402(a)(1).

Accordingly, for the reasons stated above the judgment of the circuit court of Adams County is hereby affirmed.

Judgment affirmed.

SMITH, P. J., and CRAVEN, J., concur.