THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DOROTHY DAVIS (Impleaded), Defendant-Appellant.

(No. 59711;

First District (3rd Division)—December 5, 1974.

James J. Doherty, Public Defender, of Chicago (Suzanne M. Xinos, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Frank J. Parkerson, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Defendant, Dorothy Davis, was charged by indictment with three counts of murder and two counts of armed robbery. On July 13, 1973, the three counts of murder were *nolle prossed* and the defendant entered a negotiated plea of guilty to the two counts of armed robbery. She was sentenced to concurrent terms of 10 to 20 years on each armed robbery count. Defendant now appeals, contending that the trial court, prior to the acceptance of her plea of guilty, failed to properly admonish her, pursuant to Supreme Court Rule 402, of the following: (1) The nature

of the charge; (2) the minimum and maximum possible sentence; (3) her right to plead not guilty and to persist in that plea; and (4) that her guilty plea constituted a waiver of the right to a trial of any type.

On July 13, 1973, when the case was called defendant's counsel in her presence informed the trial judge that there had been several pretrial conferences, the results of which had been conveyed to defendant. Her counsel stated that pursuant to the plea negotiations defendant wished to withdraw her previous plea of not guilty and to enter a plea of guilty to two counts of armed robbery. The trial judge informed defendant that she was charged with two counts of armed robbery and that by pleading guilty she waived her constitutional right to have a jury of 12 people determine her guilt or innocence and her right to have the court, sitting without a jury, determine her guilt or innocence. Defendant responded that she understood, and the trial judge admonished her that by entering a plea of guilty she also waived her constitutional right to have witnesses testify under oath against her, subject to cross-examination. Defendant replied that she understood.

Upon inquiry by the trial judge, defendant further stated that she had not been threatened, abused or forced in any way to enter a plea of guilty. The judge then specifically informed her that at the pretrial conference the State had agreed to *nolle prosse* the three murder counts and upon a plea of guilty to recommended concurrent sentences of 10 to 20 years on each count of armed robbery. The judge stated that upon plea of guilty he would impose that sentence. The evidence which would be presented by the State's witnesses was then read into the record and defendant's counsel stipulated that the witnesses would so testify if called. Defendant's plea of guilty was then accepted by the trial judge and defendant was sentenced to concurrent terms of 10 to 20 years on each count of armed robbery.

Defendant's contentions upon appeal relate to Supreme Court Rule 402(a) (Ill. Rev. Stat. 1973, ch. 110A, par. 402(a)), which provides:

"Pleas of Guilty

In hearings on pleas of guilty, there must be substantial compliance with the following:

(a) Admonitions to Defendant. The court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the de-

fendant may be subjected because of prior convictions or consecutive sentences;

(3) that the defendant has the right to plead not guilty, or to persist in that plea if it has already been made, or to plead guilty; and

(4) that if he pleads guilty there will not be a trial of any kind, so that by pleading guilty he waives the right to a trial by jury and the right to be confronted with the witnesses against him."

■■ Defendant initially argues that the trial judge failed to inform her of and to determine that she understood the nature of the charge. The Illinois Supreme Court has recently held that the trial judge's reference to the offense by name accompanied by an accused's acquiescence to the recital of the anticipated prosecution evidence is sufficient to satisfy the requirement of Rule 402(a)(1). (*People v. Krantz* (1974), 58 Ill.2d 187, 193, — N.E.2d —.) In the instant case the trial judge on two separate occasions informed defendant that she was charged with two counts of armed robbery. Moreover, neither the defendant nor her counsel demurred to the prosecutor's rendition of the factual basis for the charges. This was sufficient to properly admonish defendant as to the nature of the charges.

■■ Defendant next argues that the trial judge erred in failing to inform her of the possible minimum and maximum sentence prescribed by law for armed robbery. The trial judge did not so inform defendant. While Rule 402(a)(2) states that the trial court *shall* inform a defendant of the possible minimum and maximum sentence prescribed by law, we are cognizant of the fact that the Illinois Supreme Court has recently established a less stringent approach to the implementation of this particular requirement. In *People v. Krantz, supra,* the court stated that there will have been "adequate 'substantial compliance' " with the minimum and maximum sentence admonishment requirement if prior to the acceptance of an accused's guilty plea he is advised by the trial court of the sentence that might at that time be imposed if his plea is accepted. This is precisely what occurred in the instant case. The trial judge informed defendant of the State's sentence recommendation if a plea of guilty were accepted, and that this recommendation would be followed by the court. The sentence imposed was in accord with the recommendation. In accordance with *Krantz,* we hold that the trial court did not commit reversible error in failing to advise defendant of the possible minimum and maximum sentence prescribed by law.

Defendant's third argument is that the trial judge did not inform her

that she had the right to plead not guilty and to persist in that plea. As she had already entered a plea of not guilty prior to her case being called on July 13, 1973, the only question which arises is whether the trial judge failed to advise her that she had the right to persist in that plea of not guilty. The judge informed defendant of the nature of the charges against her; that she had the right to a trial by jury, or alternatively, to a bench trial; that she had the right to be confronted by the witnesses against her and to have them testify in open court under oath, subject to cross-examination; and that by pleading guilty she would waive these rights. Defendant responded affirmatively when asked if she understood that these would be the consequences of her guilty plea, and she further stated that no force or duress was used to obtain her plea of guilty.

■■ The remarks and advice of the trial judge must be read in a practical and realistic manner, and if an ordinary person in the circumstances of the accused would understand them as conveying the information required by Rule 402, the essentials of the rule have been complied with. (*People v. Caldwell* (1973), 55 Ill.2d 152, 304 N.E.2d 292.) On the basis of the admonitions of the trial judge and the defendant's responses, the judge's remarks were sufficient to convey to defendant that she had the right to persist in her plea of not guilty.

■■ Defendant's final argument is that the trial judge did not inform her that by entering a plea of guilty she would waive the right to a trial of any type. An examination of the record demonstrates that this contention is without merit. The basic purpose of Supreme Court Rule 402 is to insure that an accused has on record made an intelligent and understanding guilty plea through substantial compliance with the rule, but the rule does not require a trial judge to recite a number of specifically prescribed formal phrases. (*People v. Anderson* (1973), 10 Ill.App.3d 558, 294 N.E.2d 763.) Here, the trial judge expressly advised defendant that if she entered a plea of guilty she would waive her constitutional right to have a jury of 12 people determine her guilt or innocence, or in the alternative, to have the court make that determination without a jury. The rule requires substantial compliance, not such literal compliance as to require that the trial judge parrot back the exact language employed. The statement of the trial judge was sufficient to inform the defendant that a guilty plea would result in her waiving a trial of any type.

For the foregoing reasons the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

McNAMARA, P. J., and McGLOON, J., concur.