THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES C. ENGLISH, JR., Defendant-Appellant.

First District (5th Division)    No. 61007

Opinion filed October 8, 1976.

James J. Doherty, Public Defender, of Chicago (Thomas F. Finegan, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Kevin Sweeney, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

Defendant appeals from his conviction of unlawful use of a weapon. The sole issue presented for review is whether the trial judge adequately admonished him before accepting his guilty plea, as required by Supreme Court Rule 402(a). Ill. Rev. Stat. 1973, ch. 110A, par. 402(a).

As both parties have noted in their briefs, the record is somewhat confusing; however, certain facts appear to be uncontroverted. Defendant was charged with carrying a firearm into an establishment licensed to sell intoxicating beverages in violation of section 24—1(a)(8) of the Criminal Code. (Ill. Rev. Stat. 1973, ch. 38, par. 24—1(a)(8).) At the trial, the public defender assigned to the case informed the trial judge that defendant wished to waive his right to a jury trial and enter "a technical plea of not guilty" while stipulating to the facts alleged in the complaint. The trial judge then questioned defendant as follows:

> "Did [defense counsel] tell you that for charges of this nature the Court has authority to sentence you up to a year in jail or fine you up to a thousand dollars, if you are found guilty of the charges? Do you understand this penalty? You understand that in this Court you have the right to trial by jury? A jury means twelve people sitting in a box and they determine whether you are innocent or guilty. You have that right, that Constitutional privilege. These are rights that you can exercise at anytime regardless of any discussions you have with the Public Defender who is representing you."

Later defendant, when asked how he was pleading, responded "I'm guilty of walking in the place." His counsel then informed the court that the nature of the charges had been explained to defendant, and he had indicated an understanding of them. Not satisfied with this statement, the trial judge requested defendant to personally narrate his understanding of the offense. Defendant briefly explained what had occurred, but the court, in refusing to accept his explanation or the statement of his counsel, said as follows:

> "The man will make the plea himself. The Court must understand very clearly that defendant understands fully the nature of the plea, he must understand what he's waiving. He's waiving his right to trial by jury and that he's pleading guilty to the charges as alleged in the complaint."

Defendant then said, "I plead guilty to the charge. I have family. Carrying a weapon into a tavern, I plead guilty."

After some uncertainty as to the exact nomenclature of the charge, the

trial court accepted the guilty plea, found that an adequate factual basis had been presented to substantiate the charge, and sentenced defendant to two years' probation.

OPINION

Defendant contends that the trial judge failed to admonish him in substantial compliance with Illinois Supreme Court Rule 402(a) in that he was not personally informed of the nature of the charge, the consequences of his plea, and of his right to plead not guilty. We have examined the record, and we disagree with this contention.

■■ Defendant argues that because there appeared to be some confusion on the part of his counsel concerning the precise nomenclature of the offense and because the trial judge at one point incorrectly described the charge as carrying a loaded weapon, that he was incorrectly informed as to the offense charged. However, we think the record clearly reflects that defendant was informed of and understood the nature of the charge. The public defender representing him assured the court that he had explained the offense to defendant, who indicated that he understood the nature of the charge. When the court indicated it was not satisfied with this statement of counsel, the public defender asked defendant to tell the court what he had been told about entering, with a gun, an establishment licensed to sell liquor. He replied that it was against the law. This response, we feel, indicates that defendant understood the nature of the charge against him; nonetheless, in his brief, while admitting that he may have understood the nature of the charge, defendant contends that such understanding does not satisfy the duty of the trial court to personally admonish the accused. He cites no authority, however, to support this assertion.

Only substantial compliance with Rule 402(a) is required (*People v. Warship* (1974), 59 Ill. 2d 125, 319 N.E.2d 507; *People v. Krantz* (1974), 58 Ill. 2d 187, 317 N.E.2d 559), and the purpose of the Rule is to provide a record which will reflect that the plea of guilty was entered voluntarily and intelligently (*People v. Wise* (1975), 26 Ill. App. 3d 158, 331 N.E.2d 302). In determining whether the accused understood the nature of the charge, we are not restricted to what was said by the trial judge, but may consider the entire record—including comments by other persons at the hearing. *Krantz.*

From our review of the record as previously narrated, we believe that defendant understood the nature of the charges and that substantial compliance with Rule 402(a) was achieved. See, *e.g., People v. Long* (1975), 27 Ill. App. 3d 457, 326 N.E.2d 204; *People v. Summers* (1974), 23 Ill. App. 3d 604, 319 N.E.2d 555; *People v. Wilcoxen* (1974), 23 Ill. App.

3d 377, 319 N.E.2d 86; *People v. Powell* (1974), 21 Ill. App. 3d 423, 315 N.E.2d 627.

Similarly, we feel that the record contradicts defendant's assertion that he was not adequately admonished concerning the consequences of his plea. It reflects that the court twice advised him that he could be sentenced up to a year in jail and be fined up to $1,000. It is true that in its second admonishment, the court incorrectly labeled the charge as being under section 24—1(a)(5) of the Criminal Code instead of 24—1(a)(8). However, it appears that this confusion resulted from the fact that defendant had been charged with violations of both these sections and defense counsel referred to the charge as a 24—1(a)(5) offense. In any event, the trial judge's recitation of the permissible range of sentences was correct, and we are of the opinion that the misreference to section 24—1(a)(5) did not materially affect the adequacy of the admonishment concerning the consequences of his guilty plea.

■■ Defendant's final contention is that Rule 402(a) was not complied with because the trial judge did not inform him that he had a right to plead not guilty. The record supports his assertion that he was not personally so advised; however, we do not feel that reversible error resulted from this omission.

We reach this conclusion partially because the record also reflects that defendant had initially entered a plea of not guilty to the offense and subsequently withdrew this plea to enter the guilty plea. It would appear inconsistent to hold that defendant did not understand that he had a right to plead not guilty when he had already done so.

Substantial rather than strict compliance with Rule 402(a) is mandated, and the trial court is not required to parrot the literal language of the statute. (*People v. Davis* (1974), 24 Ill. App. 3d 758, 321 N.E.2d 382.) As it appears that no prejudice to defendant is or could be alleged, we do not feel that this omission requires the reversal of defendant's conviction. *People v. Shaw* (1975), 31 Ill. App. 3d 555, 334 N.E.2d 844; *Davis; People v. Pritchett* (1974), 23 Ill. App. 3d 1084, 320 N.E.2d 44.

For the reasons stated, the judgment is affirmed.

Affirmed.

LORENZ, P. J., and BARRETT, J., concur.