THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT WILLIAM SUMMERS, Defendant-Appellant.

Fourth District   No. 13293

Opinion filed July 5, 1977.

Richard J. Wilson and Jeffrey D. Foust, both of State Appellate Defender's Office, of Springfield, for appellant.

Robert J. Bier, State's Attorney, of Quincy (G. Michael Prall and Jeffrey B. Levens, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This appeal is from a judgment of the circuit court of Adams County denying defendant's petition for post-conviction relief under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1975, ch. 38, par. 122—1 *et seq.*).

On December 26, 1973, the defendant, William Summers, pled guilty to a charge of murder and was sentenced to a term of imprisonment of not less than 18 years nor more than 54 years. The defendant appealed his guilty plea, which was affirmed in *People v. Summers*, 23 Ill. App. 3d 604, 319 N.E.2d 555. On September 16, 1974, defendant filed a pro se petition for a post-conviction hearing, which was later amended by court-appointed counsel. Upon a motion by the State, the court struck all of the paragraphs of the petition except one which alleged that defendant had not been properly advised by counsel that voluntary intoxication can be a defense to a charge of murder when the intoxication is sufficient to prevent the accused from forming the requisite intent required for the crime charged. No objection is made on this appeal as to the stricken paragraphs. At an evidentiary hearing on April 9, 1975, the defense presented the testimony of three witnesses who testified that the defendant was intoxicated on October 26, 1973, the date of the homicide.

Defendant was called as a witness and testified that while the first court-appointed counsel, Mr. Inghram, told him that voluntary intoxication could be a defense to a charge of murder, a second court-appointed counsel, Mr. Blickhan, told him it was not a defense. It appears that Blickhan was the primary counsel after his appointment. After Blickhan was appointed, Inghram did not communicate with the defendant. According to defendant, if he had not been so advised by Blickhan he would not have pled guilty.

Blickhan was called as a witness by the State. He could not recall the specific contents of the conversation with defendant concerning the possibility of an intoxication defense, but stated that he doubted that he would have made such statements since he was experienced enough at that time to know that intoxication could be a defense. On April 10, 1975, the court filed its decision denying defendant's petition. Defendant requests this court to vacate the trial court's decision and remand the cause for a new hearing. We decline to do so.

■■■ As a preliminary matter, the State contends that defendant has waived any of the errors now urged because of his failure to raise them on

his original appeal. In support of its position the State relies on *People v. James*, 46 Ill. 2d 71, 263 N.E.2d 5, *People v. Collins*, 39 Ill. 2d 286, 235 N.E.2d 570, and *People v. Armes*, 37 Ill. 2d 457, 227 N.E.2d 745. Defendant, citing *People v. Thomas*, 38 Ill. 2d 321, 231 N.E.2d 436, contends that the rule of waiver only applies when the allegations contained in the defendant's petition requires an inquiry only to facts which were part of the record on the original direct appeal from the conviction. Upon examination of these cases, the rule of waiver as applied to post-conviction-hearing proceedings operates to bar consideration of any matters contained in the record which could have been considered on the previous appeal. The controlling question in this case becomes whether or not the foundation of defendant's post-conviction petition is contained in the record of defendant's earlier appeal. We find the record lacking in this regard and therefore defendant has not waived consideration of the errors he now urges. We note in this regard the trial court, by proceeding to conduct an evidentiary hearing on defendant's petition, did not consider the matter to be waived.

■■ The defendant argues that the trial court did not decide the issue raised by the defendant's petition, to wit:

"That petitioner was in an intoxicated state when the crime occurred and that he was not properly advised by counsel that voluntary intoxication can be a defense to a charged crime where it is of such degree that the accused was incapable of forming the intent required for the crime charged."

Although defendant states the conclusion that the trial court did not decide the issue raised by the foregoing allegations, nowhere in his brief does the defendant present any support or demonstrate in what aspects the trial court decision is lacking. The trial court had before it significant amounts of relevant evidence presented by the State and the defendant, and upon due consideration ruled adversely to defendant's claims by denying his petition. This without more would be sufficient, and the fact the trial court chose to express itself in a written memo only on certain issues does not mean the trial court failed to decide the issue raised by the defendant.

The evidence amply supports the trial court's decision that defendant was represented by competent counsel. The defendant was afforded a fair opportunity to air his constitutional challenges but failed to sustain his burden of proof. For the foregoing reasons the judgment of the circuit court of Adams County is affirmed.

Judgment affirmed.

STENGEL, P. J., and ALLOY, J., concur.