THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LARRY E. DAVIS, Defendant-Appellant.

First District (3rd Division)    No. 80-123

Opinion filed December 30, 1981.—Rehearing denied February 17, 1982.

Ralph Ruebner, of State Appellate Defender's Office, of Chicago (Cecil Singer, of Singer & Stein, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael F. Shabat, Kevin D. Sweeney, and Edward F. Cozzi, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE RIZZI delivered the opinion of the court:

Defendant, Larry Davis, was convicted of armed robbery (Ill. Rev. Stat. 1977, ch. 38, par. 18—2) in a bench trial and sentenced to 12 years in the penitentiary. He contends that (1) he was not proved guilty beyond a reasonable doubt, (2) he was denied his right to a fair trial because the State suppressed evidence, (3) the court erred in admitting certain evidence against him and (4) he was denied his constitutional right to effective assistance of counsel. We affirm.

An armed robbery occurred at an automobile repair garage in Chicago, Illinois on July 26, 1978. Two of the people in the garage were Henry Jeffery, the owner of the business, and his secretary, Joyce Bell. The robber fled after the incident.

■■ Defendant initially contends that the evidence is insufficient to identify him as the robber and that he was therefore not proved guilty beyond a reasonable doubt. Jeffery identified defendant as the robber. He testified that although defendant had a sheer nylon stocking over his face, he could clearly see defendant's features. He testified that during the robbery he was able to view defendant's side for 1½ minutes while he was

only eight feet away. He also viewed defendant as defendant marched Bell out of his office. In addition, he saw defendant as he took money from the cash register. The testimony of Bell corroborates Jeffery's testimony. She testified that she was able to view defendant under good lighting conditions for 2 to 3 minutes and that she could see him clearly. Under the circumstances, we conclude that the testimony of Jeffery and Bell was sufficient to prove the identity of defendant beyond a reasonable doubt.

We next address defendant's argument that he was denied his right to a fair trial because the State suppressed evidence. At the hearing on his post-trial motion, defendant testified that when he was taken into custody for an unrelated offense on August 7, 1978, he had a pouch with him which he referred to as his briefcase. It contained bond slips, a check book, an appointment book, telephone numbers and other similar items. After defendant was informed by the police that he was being charged with the robbery involved here, the police asked him whether he had an alibi. Defendant replied that he did not know and asked to see his briefcase. A police investigator dumped out the contents of the briefcase, and defendant viewed each item. When the investigator asked defendant whether he saw what he was looking for, defendant replied, "No, I don't want to say anything until I see a lawyer." Defendant further testified that when he asked the investigator and an assistant State's Attorney to return the briefcase, the assistant State's Attorney stated, "[Y]ou will get [it] back if you beat all the charges that are against you." Defendant testified that he informed his attorneys about the briefcase and its importance to his defense.

It was stipulated that the briefcase and its contents were never inventoried, and defendant never saw the briefcase or its contents again. Defendant contends that the briefcase was vital to his defense because it contained information that would establish his whereabouts at the time of the robbery. He also claims his right to due process was violated because the State did not produce the briefcase pursuant to his request.

In addition to the testimony presented by defendant at the post-trial hearing, testimony was presented by defendant's two attorneys as well as the assistant State's Attorney who was present when the investigator gave defendant his briefcase upon his initial request. The attorney who represented defendant prior to trial testified that although defendant mentioned the briefcase the first or second time they met, he did not indicate that the contents were important or that they would provide him with evidence of an alibi. The attorney who represented defendant at trial testified that he did not recall defendant informing him of the existence of the briefcase or that its contents would be necessary to establish an alibi defense.

The assistant State's Attorney testified that following defendant's arrest, the briefcase was brought to defendant by a police investigator. The assistant State's Attorney emptied the briefcase and divided the contents into two piles. The contents included loose papers, business cards, bills from body shops and furniture stores, traffic tickets and miscellaneous papers that had no identifying marks. There was no address book, notebook or book in the bag. Defendant did not complain that anything was missing. Both defendant and the assistant State's Attorney searched the two piles of papers looking for anything that had the date of the robbery on it, but no dates corresponded to that of the robbery. The papers were put back in the bag, which was returned to the police investigator.

■■ We cannot condone nor criticize too severely the fact that the briefcase and its contents were not inventoried and given to defendant when requested in his notice to produce. However, the record does not demonstrate that the briefcase or its contents were material to the State's case or the defense. In addition, defendant has not stated or demonstrated in his brief or during oral argument specifically what was in the briefcase that would aid his defense or provide him with an alibi. Under the circumstances, we conclude that the State's failure to produce the briefcase and its contents was harmless error.

Defendant next argues that the court erred in admitting evidence that placed defendant in constructive possession of a weapon linked to the robbery. At trial, a police officer testified to a statement made by defendant during the booking procedure. The officer stated that defendant gave his address as the second floor rear apartment of 718 N. Drake. A search warrant was obtained, and a search of that apartment revealed a gun resembling a machine gun, which was admitted into evidence. One of Jeffery's customers testified that the gun looked like one used in the robbery.

■■ Defendant contends that the officer's testimony should not have been admitted because it was hearsay, and that the officer's testimony regarding defendant's address was crucial because it was the only evidence linking defendant to the weapon. The trial court, however, determined that the testimony was admissible as an admission. An admission is a statement of independent facts which, when taken in connection with proof of other facts, may lead to an inference of guilt, but from which guilt does not necessarily follow. (*People v. Walters* (1979), 69 Ill. App. 3d 906, 919, 387 N.E.2d 1230, 1240.) We conclude that the trial court did not err in deciding that defendant's statement of his address was an admission.

■■ Defendant further argues that even if the statement was an admission, it should not have been admitted because there was no affirmative

showing that defendant received *Miranda* warnings before telling the police his address. However, mere preliminary questions with respect to an accused's name and address, which are part of the routine booking proceedings, do not amount to an interrogation that can be described as designed to elicit incriminating testimony or admissions. It follows that no *Miranda* warnings were required. *People v. Stewart* (1980), 84 Ill. App. 3d 855, 858-59, 406 N.E.2d 53, 55-56; *People v. Fognini* (1970), 47 Ill. 2d 150, 152, 265 N.E.2d 133, 134.

■■ Next, defendant contends that the officer's testimony should not have been admitted because the State's response to his motion for discovery did not list the oral statement made by defendant as to his address. However, before the officer testified, the State informed defendant regarding the gist of his testimony. Defendant did not indicate any desire to seek a continuance or interview the witness. Once the officer began testifying and defendant objected, the court also asked defendant if he wanted a continuance or an opportunity to interview the witness. Defendant declined these offers. The court also asked defendant how he would be prejudiced by the late disclosure of the officer's testimony. Defendant was unable to make specific allegations of prejudice. Under the circumstances, we conclude that even if error was committed, defendant was not prejudiced by the admission of the officer's testimony.

Lastly, defendant contends that he was denied his constitutional right to effective assistance of counsel. He argues that his counsel failed to secure the briefcase in the State's possession, failed to adequately prepare for trial and failed to move for a mistrial. These contentions are without merit.

■■ In determining the competency of counsel, the focus should not be on isolated instances during the trial. Rather, the totality of the circumstances must be considered. (*People v. Williams* (1981), 94 Ill. App. 3d 241, 256, 418 N.E.2d 840, 851-52.) Here, the incidents noted by defendant, whether considered separately or together, do not demonstrate counsel's imcompetence. Moreover, the record shows that defense counsel conducted careful cross-examinations of the State's witnesses, made appropriate objections when necessary, moved for a directed verdict at the close of the State's case, and presented an organized closing argument based upon the evidence. We conclude that defendant's contention that he was denied his constitutional right to effective assistance of counsel is without merit.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

McNAMARA and WHITE, JJ., concur.