Carl William
**MONTGOMERY, Petitioner,**

v.

**Dale PETERSEN, Respondent.**

No. 87–3030.

United States District Court,
C.D. Illinois,
Springfield Division.

July 17, 1987.

Bill Harris, Springfield, Ill., for petitioner.

Nathan P. Maddox, Asst. Atty. Gen., Springfield, Ill., for respondent.

## OPINION ORDER

MILLS, District Judge:

Habeas corpus.

Ineffective assistance of counsel?

We find that there was.

The writ must be granted.

Carl Montgomery is currently incarcerated in the Lincoln Correctional Center at Lincoln, Illinois, and petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges the constitutionality of his state court conviction for residential burglary maintaining that he was denied the effective assistance of counsel in violation of the Sixth Amendment.

Pursuant to the rules governing § 2254 cases, Montgomery has served copies of the petition upon Respondent and the Attorney General of the State of Illinois. The state has timely answered.

Because Petitioner does not dispute the summary of facts contained in the appellate court opinions, but only disputes the inferences to be drawn therefrom, this

Court may rely upon those summaries and need not review the transcript of the underlying state court trial. *See, e.g., Davis v. Franzen,* 671 F.2d 1056 (7th Cir.1982). Likewise, because the state procedure provided Petitioner with a full and fair hearing in this matter, we need not hold a new evidentiary hearing. *See, e.g., Cartee v. Nix,* 803 F.2d 296, 298 (7th Cir.1986).

Because our review of the facts and law indicate that Montgomery was denied effective assistance of counsel in violation of the Sixth Amendment, we must grant the writ.

### I *Facts*

The facts are set out well in the opinion of the state appellate court. *People v. Montgomery,* 141 Ill.App.3d 428, 490 N.E.2d 206, 95 Ill.Dec. 733 (1986). Here, a brief summary should suffice.

Carl Montgomery was convicted of residential burglary in Moultrie County. The state's chief evidence against him was the testimony of his half-brother, Wayne Montgomery. Wayne Montgomery had pled guilty to the same burglary in Moultrie County and had also pled guilty to a burglary in Macon County occurring the same day. He testified that he and Carl planned a series of burglaries on the morning of September 9, 1983. On that same day they accomplished their goal, committing two burglaries, one in Moultrie County and one in Macon County. After testifying on the direct examination that he and Carl had planned and accomplished the burglaries, he was impeached on cross-examination through the use of prior convictions. The Government also called Wayne Montgomery's wife who testified that she overheard the discussion between Wayne and Carl on that morning. Two other family members testified they saw Wayne and Carl arrive together at Carl's house in Springfield later that evening.

The defense case centered on an alibi defense which placed Carl in Springfield during the day the burglary took place. In the Moultrie County trial, twelve alibi witnesses were called and testified to being with or observing Carl in Springfield on September 9. All the witnesses called on

Carl's behalf were either relatives or close friends. The jury came back with a verdict of guilty.

Subsequently, Carl was tried in Macon County for the burglary occurring that same afternoon. At this trial an employee from the Springfield Sears store, Barry Holktramp, testified that Carl and his wife purchased a bike from him at approximately 1:30 p.m. on September 9. Holktramp specifically remembered Carl Montgomery because it was the only bike sale he made that day. In this trial, Montgomery was acquitted.

This was the basis for Petitioner's motion for post-conviction relief in the Moultrie County trial. He argued that he was denied effective assistance when his counsel failed to investigate a lead supplied to counsel by Defendant and his wife. Specifically, Montgomery and his wife had given counsel a receipt from the Sears store which contained the date of the sale and Holktramp's employee code number. The receipt revealed that Carl Montgomery had purchased a bike at that Sears store on September 9. In the Macon County trial, Montgomery's wife followed up the lead on her own and eventually procured Holktramp's testimony.

At the post-conviction hearing, Montgomery's counsel stated that the failure to investigate the potential witness was due to "inadvertence" and that:

> I was just given a receipt. I wasn't given a name so I didn't know who to interview until I found out who the witness was. But at that point, I simply didn't believe the defendant so I didn't think it happened.

*Montgomery,* 141 Ill.App.3d at 434, 490 N.E.2d 206, 95 Ill.Dec. 733.

The trial court denied the request for relief, the appellate court affirmed and the Illinois Supreme Court denied leave to appeal.

■ We must now decide the issue anew. Since our review is of a legal conclusion or mixed question of law and fact, we are not required to presume the correct-

ness of the state court decision. *Barnard v. Lane,* 819 F.2d 798, 802 (7th Cir.1987).

We respectfully disagree with the conclusion drawn by our state court brethren and therefore must grant the writ.

## II *Law and Analysis*

The bellwether case in the analysis of ineffective assistance claims is *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

*Strickland* established a two-part test to determine whether a defendant was denied a fair trial 'due to the ineffectiveness of his counsel. The constitutional right to a fair trial is the underpinning of the right to effective assistance of counsel and the two-part test was developed with this in mind. One portion of the test focuses on the performance of counsel and the second part examines the degree of prejudice to the defendant. Both prongs of the test must be established by the Petitioner if he is to prevail. *Sullivan v. Fairman,* 819 F.2d 1382, 1390 (7th Cir.1987). Often, a court will be able to move directly past the performance aspect of the *Strickland* test because the lack of prejudice is readily apparent. *See, e.g., U.S. ex rel. Cross v. DeRobertis,* 811 F.2d 1008 (7th Cir.1987). However, the facts of this case mandate that we discuss both aspects of the *Strickland* test.

### A. Performance

*Strickland,* holds that the Sixth Amendment right to a fair trial entitles a defendant to reasonably effective assistance of counsel. Only when counsel's performance falls below an objective standard of reasonableness will the performance be unconstitutionally ineffective. *Strickland,* 466 U.S. at 687–88, 104 S.Ct. at 2064–65.

There is no acid test for determining what is and what is not reasonably effective assistance. The inquiry is dependent on the totality of the circumstances of the case. Nevertheless, it is always true that the judicial scalpel should be applied lightly and that a heavy measure of deference should be given to counsel's performance. *Id.* at 689, 104 S.Ct. at 2065.

*Strickland* also distinguishes between the investigative function of counsel and counsel's role as a decisionmaker regarding case strategy and trial tactics. In the latter role, counsel's conduct is virtually unassailable. *Id.* at 690, 104 S.Ct. at 2066. However, counsel has a duty to investigate the case and any failure to do so will be independently scrutinized for its reasonableness under the circumstances. *Id.* at 691, 104 S.Ct. at 2066. Adequate investigation is a prerequisite to effective representation. *Crisp v. Duckworth,* 743 F.2d 580, 583 (7th Cir.1984). ·

Here, we deal solely with counsel's failure to investigate the lead provided by the information given to him by Defendant concerning the potential *disinterested* alibi witness. Counsel's failure was not related in any way to trial tactics or strategy. In fact, counsel admitted that the reason for not following the lead was "inadvertence" and his disbelief of the Defendant. *Montgomery,* 141 Ill.App.3d at 434, 490 N.E.2d 206, 95 Ill.Dec. 733.

Examined in this light, we do not believe that "reasonable professional judgments support[ed] the limitations on investigation ..." in this case. *Strickland,* 466 U.S. at 691, 104 S.Ct. at 2066.

In a recent Seventh Circuit case applying *Strickland,* that Court held that counsel did not give reasonably effective assistance when counsel did not locate five witnesses who had given exculpatory statements to police concerning defendant's allegedly unlawful conduct. *Sullivan v. Fairman,* 819 F.2d 1382, 1391 (7th Cir.1987).

Likewise, the Fifth Circuit has found that failure to interview potential alibi witnesses was unreasonable when counsel could neither point to a strategic reason for doing so or that the additional investigation would most likely prove futile. *Nealy v. Cabana,* 764 F.2d 1173, 1178 (5th Cir.1985).

Counsel's conduct in this case is strikingly similar. In light of the information available to counsel at the time, the *failure to investigate the only available disinterested alibi witness* fell below the standard of reasonably effective assistance required

by *Strickland.* Therefore, this part of the *Strickland* test is met.

### B. Prejudice

■ Despite our finding that counsel's performance was ineffective, in order to succeed Petitioner must also show that the ineffective performance would give rise to "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068. We must base our decision against this standard and with an eye toward the totality of the evidence which was presented at trial. *Id.* at 695, 104 S.Ct. at 2068. We are advised to avoid the temptation to "hypothesize about what might have been" although a certain degree of hypothesizing seems inevitable. *Sullivan,* 819 F.2d at 1392. The Petitioner has the burden of showing what the failed investigation would have yielded.

■ Here, Petitioner has met that burden. The investigation would have provided the only disinterested alibi witness to testify on behalf of Petitioner. Indeed, all other witnesses in the trial had some familial or otherwise close relationship to the Petitioner. The significance of this testimony cannot be minimized. Not only would the unbiased alibi witness' testimony greatly enhance the defense case if it stood alone, it also lends even greater support to defendant's case when we consider the fact that it corroborates the otherwise impeachable testimony of 12 additional alibi witnesses. It is unrealistic to look at this testimony as simply cumulative.

Further, and in what is indeed a rare occurrence, we have evidence of a trial based on almost identical facts as a basis for comparison. In the second trial, the disinterested alibi witness was called and Petitioner was acquitted. This is strong evidence that the result would have been different but for counsel's errors. We agree with the Illinois Appellate Court that all trials are *sui generis* and that the results of the Macon County trial do not necessarily compel the conclusion that Petitioner would have been acquitted if Holk-tramp was called in the Moultrie County trial. It is certainly true that other factors do play a part in the results of trials.

However, Petitioner's burden is not that overwhelming. *Strickland* specifically disavowed use of an outcome determinative test in making out a finding of prejudice. *Strickland,* 466 U.S. at 693, 694, 104 S.Ct. at 2068. Petitioner must only show a reasonable probability of a different outcome. For us, the results in the Macon County trial go a long way in showing that probability. Furthermore, this is not a case where the other evidence brought by the state would overwhelmingly favor a finding of guilt. Hence, when the evidence is looked at in its totality, we believe the error of counsel "undermine[d] confidence in the outcome" and thus deprived defendant of his fundamental right to a fair trial in violation of the Sixth Amendment.

### III   *Conclusion*

*Ergo,* Montgomery's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is granted.

Execution of the writ, however, is stayed on the condition that the State of Illinois grant Petitioner a new trial on the charges resulting in his conviction within a reasonable time not to exceed ninety days, and diligently and without delay prosecute the charges to a final conclusion.

■ Montgomery is *not* entitled to an unconditional release; any request to be released on bail pending the outcome of the new trial should be addressed to the discretion of the state courts.

IT IS SO ORDERED.