THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHNNIE JONES, JR., Defendant-Appellant.

Fourth District   No. 15182

Opinion filed June 21, 1979.

Richard J. Wilson and Karen Munoz, both of State Appellate Defender's Office, of Springfield, for appellant.

C. David Vogel, State's Attorney, of Pontiac (Robert C. Perry and Karen L. Boyaris, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE MILLS delivered the opinion of the court:

The record here—admittedly—is less than a model of clarity.

The charges were in 12 counts, the plea was to 8, 4 were dismissed, judgment in open court was entered on 6, defendant was sentenced on 8, and the mittimus recited 12.

But after wading through the verbiage, the bottom line is reached and it finally becomes apparent that there are 8 valid convictions entered on pleas of guilty by the defendant.

We affirm.

Jones was charged with 12 felonies, all stemming from an incident at the Fiesta Restaurant in Pontiac, Illinois, on April 20, 1978.

| Count | Offense |
|-------|---------|
| I | Armed robbery |
| II | Armed robbery |
| III | Felony theft |
| IV | Felony theft |
| V | Armed violence |
| VI | Armed violence |
| VII | Armed violence |
| VIII | Armed violence |
| IX | Attempt (murder) |
| X | Attempt (murder) |
| XI | Attempt (murder) |
| XII | Attempt (murder) |

The public defender represented the defendant, who entered a plea of guilty to the first eight counts. The trial court duly admonished Jones pursuant to Illinois Supreme Court Rule 402, including the extended term provisions of the Unified Code of Corrections. The court then determined that defendant's plea was voluntary and that the State had presented a factual basis for the plea. The trial judge accepted Jones' plea of guilty to counts I through VIII and then stated as follows:

"The court finds then that the pleas have a basis in fact. The pleas are accepted and judgment of conviction is entered on Counts I, II, V, VI, VII and VIII."

The State then moved to *nolle prosequi* counts IX through XII, the court granted the motion, and the counts were dismissed. However, the judgment and sentence order stated that the defendant was found guilty of counts I through XII.

The sentencing hearing took place some 10 days after the pleas and the presentence report reflected that Jones had prior convictions in the State of Wisconsin: Two disorderly conduct charges, obstructing an officer, two intoxication charges, two burglary charges, reckless homicide, and assaulting a prison guard. The trial court imposed extended terms and said:

"The court finds the defendant is a repeat offender under circumstances for which an extended term of imprisonment would be imposed. The court finds that the defendant's conduct constitutes a heinous crime in that the commission of that offense was accompanied by brutal and heinous behavior indicative of wanton cruelty. The court finds that the discharge of the weapon in close proximity to the face and head of Deputy Tjarks was an extremely brutal act, one which only by the grace of God did not

result in a homicide, and certainly was not due to any mercy on the part of the defendant that it did not result in a homicide."

The sentences imposed were:

| Count | Offense | Sentence |
|-------|---------|----------|
| I | Armed robbery | 60 years |
| II | Armed robbery | 40 years |
| III | Felony theft | 5 years |
| IV | Felony theft | 5 years |
| V | Armed violence | 40 years |
| VI | Armed violence | 40 years |
| VII | Armed violence | 40 years |
| VIII | Armed violence | 40 years |

all to be served concurrently.

Three days after sentencing, defense counsel filed a motion to withdraw the plea of guilty and to vacate judgment, supported by a certificate in compliance with Rule 604(d). The motion was denied.

## I

Defendant first argues that the trial court erred in imposing extended term sentences since Jones had no prior convictions in Illinois, that his Wisconsin convictions could not be considered for purposes of imposing extended term, and that there was no evidence that defendant's conduct was indicative of wanton cruelty.

Illinois law provides for the imposition of an extended term sentence only if certain aggravating factors are present:

"(b) [T]he following factors may be considered by the court as reasons to impose an extended term sentence under Section 5—8—2 upon any offender who was at least 17 years old on the date the crime was committed:

(1) When a defendant is convicted of any felony, after having been previously convicted in Illinois of the same or greater class felony, within 10 years, excluding time spent in custody, and such charges are separately brought and tried and arise out of different series of acts; or

(2) When a defendant is convicted of any felony and the court finds that the offense was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty." Ill. Rev. Stat. 1977 Supp., ch. 38, par. 1005—5—3.2(b).

Although defendant's prior criminal convictions in Wisconsin clearly could not be a basis for imposing the extended term under section 5—5—3.2(b)(1) since the convictions did not occur in Illinois, the test applicable

here is whether the facts before us fall within the pale of "wanton cruelty" under section 5—5—3.2(b)(2). There is no case in Illinois called to our attention which defines "exceptionally brutal or heinous behavior indicative of wanton cruelty" under the Unified Correction Code. In the American Heritage Dictionary of the English Language (1969), "cruelty" is defined as "something that causes pain or suffering." And Webster's Third New International Dictionary (1976), defines "cruelty" as a "disposition to inflict pain or suffering or to enjoy its being inflicted." But the term "wanton" was defined as follows by the Illinois Supreme Court in the case of *Bartolucci v. Falleti* (1943), 382 Ill. 168, 174, 46 N.E.2d 980, 983:

> "Ill will is not a necessary element of a wanton act. To constitute an act wanton, the party doing the act or failing to act must be conscious of his conduct, and, though having no intent to injure, must be conscious, from his knowledge of surrounding circumstances and existing conditions, that his conduct will naturally and probably result in injury."

The record here is clear that Jones fired a gun in close proximity to Deputy Tjarks' head and knew there was a strong possibility that the conduct would result in injury to Tjarks. The injuries resulting were powder burns to the deputy's right hand and face, bleeding of his right hand, and the obvious mental suffering of fearing for his life. Defendant pointed his gun at several of the patrons, and then fired four shots into the air in the restaurant at a time when everyone was cooperating with his directions. Clearly, the defendant created a strong possibility of injury and caused mental anguish to the victims who feared they might be killed. In fact, one of them, Janet Potts, stated in the police report that she was sure that she had been shot. The trial court specifically stated:

> "The court finds that the discharge of the weapon in close proximity to the face and head of Deputy Tjarks was an extremely brutal act, one which only by the grace of God did not result in homicide, and certainly was not due to any mercy on the part of defendant that it did not result in a homicide."

Defendant argues for a definition of "wanton cruelty" in line with the Florida Supreme Court's view expressed in *State v. Dixon* (Fla. 1973), 283 So. 2d 1, where it had occasion to interpret the Florida capital punishment statute. That law specified that one of the grounds which permitted imposition of the death penalty was if the offense was especially "heinous, atrocious or cruel." In construing that portion of the statute, the Florida court made this holding:

> "It is our interpretation that heinous means extremely wicked or shockingly evil; that atrocious means outrageously wicked and vile; and that cruel means designed to inflict a high degree of pain with utter indifference to, or even enjoyment of, the suffering of

others. What is intended to be included are those capital crimes where the actual commission of the capital felony was accomplished by such additional acts as to set the crime apart from the norm of capital felonies—the conscienceless or pitiless crime which is unnecessarily torturous to the victim." 283 So. 2d 1, 9.

We view that Florida definition as contrary to the plain meaning of the Illinois statute. Although the Florida court may interpret "heinous, atrocious or cruel" to mean wicked or shockingly evil, outrageously wicked and vile, or a high degree of pain, they do so only in reference to the capital punishment statute, which is worded differently from the Illinois extended term provision. Since the degree of cruelty necessary to be sentenced to death is greater than that required to be given an extended prison term, we perceive no reason for Illinois courts to use a similar definition for the Illinois extended term statute when it applies to all felonies and not just capital offenses. In the context of the Illinois statute, the Florida definition of "heinous, atrocious or cruel" is entirely too narrow and restrictive to limit our concept of "wanton cruelty" for the purpose of imposing extended term sentences in noncapital cases.

■■ We conclude that the court below did not err in finding "wanton cruelty" and by imposing extended term sentences.

## II

Next, defendant claims that the trial court erred in entering judgment of conviction and sentences on each of the four counts of armed violence arising out of the same act as the two counts of armed robbery, and in sentencing the defendant on felony theft charges when no judgment of conviction was entered on those counts.

After accepting the defendant's plea of guilty, the trial court orally entered judgment only on the two counts of armed robbery (counts I and II) and the four counts of armed violence (counts V through VIII). No judgment of conviction was entered on the felony theft charges (counts III and IV). The court had merely stated: "The court finds then that the pleas have a basis in fact. The pleas are accepted and judgment of conviction is entered on counts I, II, V, VI, VII, and VIII."

At the sentencing hearing, however, the trial court imposed five-year sentences on each of the felony theft charges (counts III and IV), and included those sentences in the mittimus. Defendant argues that because no judgment of conviction was ever entered on the felony theft charges, the trial court erred in imposing sentences thereon.

■■ The State contends that since defendant did not preserve these issues for review by raising them in his motion to withdraw the guilty plea and, since defendant entered guilty pleas to counts I through VIII, these issues were waived. The State points to the clear provisions of Supreme Court

Rule 604(d) which mandates that "Upon appeal any issue not raised by the defendant in the motion to withdraw the plea of guilty and vacate the judgment shall be deemed waived." We agree.

But assuming, *arguendo,* that the issue was properly preserved, it still falls as being without merit. Although the trial court did not specifically enter a judgment of conviction on counts III and IV, it clearly intended one be entered since the defendant pled guilty to both of those counts, the court accepted those pleas, and then sentenced the defendant on those charges. Where the plea of guilty is properly entered, the trial court is not required to make a specific finding of guilty. In *People v. Andrae* (1920), 295 Ill. 445, 454-55, 129 N.E. 178, it was held that:

> "When a prisoner enters his plea of guilty or where the prisoner is found guilty by the verdict of a jury it is not necessary for the court to enter a judgment finding the prisoner guilty. When the court receives and enters the plea or verdict of guilty, it follows as a legal inference that the court finds the defendant guilty."

Furthermore, in *People v. Cleggett* (1961), 22 Ill. 2d 471, 177 N.E.2d 187, *cert. denied* (1962), 369 U.S. 840, 7 L. Ed. 2d 844, 82 S. Ct. 871, the court affirmed that where defendant pleaded guilty as charged in the indictment, no finding of guilty was necessary.

Thus, in the present case, where the proceedings clearly indicated that Jones entered pleas of guilty to the felony theft counts, and that they were accepted, it follows that the court found defendant guilty on all counts and properly convicted and sentenced him thereon.

Defendant also contends that the judgments of convictions and sentences on armed violence (counts V and VII) should not have been entered because the physical acts involved were the same as those alleged in the armed robbery charges (counts I and II). Again, the State points to Illinois Supreme Court Rule 604, arguing waiver. The State's posture is well founded. In addition, the defect is waived by defendant's plea of guilty to counts I through VIII. As set forth in *People v. Brown* (1969), 41 Ill. 2d 503, 244 N.E.2d 159, all nonjurisdictional questions are waived by a voluntary plea of guilty. This holding was also reiterated in *People v. Ondrey* (1976), 65 Ill. 2d 360, 357 N.E.2d 1160.

No error.

### III

Defendant also urges that the trial court abused its discretion by imposing excessive sentences and requests that this court either reduce the sentences imposed or remand the cause for a new sentencing hearing.

The trial court sentenced defendant to 60 years on count I (armed robbery), 40 years on count II (armed robbery), 5 years on counts III and IV (felony theft), and 40 years on counts V, VI, VII, and VIII (armed

violence). Since the armed robbery and armed violence charges were Class X felonies, the 60-year sentence was a maximum one and the 40-year terms were middle range sentences under the extended term provisions. The sentences of 5 years on the felony theft charges (Class 3 felonies) were the maximum under the regular sentencing provision. They were all concurrent.

The record discloses that the trial court imposed the sentences after a careful review of the aggravating factors set forth in the Code (Ill. Rev. Stat. 1978 Supp., ch. 38, par. 1005—5—3.2). The court first noted that defendant's conduct caused a small amount of physical harm but then observed that defendant's conduct threatened serious physical harm or death, that he did not act under any strong provocation, that he had no justification or excuse for his conduct, and that he was not induced to commit the crime by anyone else.

Most importantly, the court found that Jones had a prior history of criminal activity in Wisconsin, specifically noting that the record reflected that Jones, who was then 29 years of age, had been involved in one criminal act after another for most of his adult life. The sentencing judge went on to find that in committing the instant armed robbery, theft, and armed violence, Jones attempted to inflict serious bodily injury on three different persons, that the conduct constituted a heinous crime, and that the commission of the offense was accompanied by brutal and heinous behavior indicative of wanton cruelty. The court viewed defendant as being likely to commit other crimes and stated that a long sentence was necessary to deter others from committing the same offense. The trial judge imposed sentences within the statutory limits and it appears that he carefully evaluated the factors in aggravation and mitigation as set forth in the statute before he determined that long prison sentences were essential.

■■ The legislature has clearly stated that although an appeal can be taken from felony sentences as a matter of right, "* * *, however, in all such appeals there is a rebuttable presumption that the sentence imposed by the trial judge is proper." (Ill. Rev. Stat. 1977 Supp., ch. 38, par. 1005—5—4.1.) We find nothing in the record before us that rebuts or refutes the presumption that the sentences imposed here were proper.

We will not fiddle with these sentences.

## IV

■■ Finally, Jones argues that the mittimus must be amended since there is a variance between the pleas and judgments of guilty and the mittimus issued. The mittimus recites that a judgment of guilty was entered on counts I and II (armed robbery), counts III and IV (felony theft), counts V through VIII (armed violence), and counts IX through XII (attempt

murder). The four counts of attempt murder, however, were dismissed on motion of the State and the defendant was not adjudged guilty of those charges.

The State does not oppose this contention, and well it should not. The mittimus is correct on all counts except those of attempt (murder), which were in fact dismissed. The mittimus must be amended to exclude the attempt (murder) convictions and the corrected mittimus should show convictions and sentences for counts I through VIII only.

The convictions and sentences on counts I through VIII are affirmed and the cause is remanded with directions that the mittimus be corrected accordingly.

Affirmed and remanded for issuance of a corrected mittimus.

TRAPP and GREEN, JJ., concur.