■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CESAR CARABALLO, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Sharpe, J.), rendered December 22, 1980, convicting him of attempted burglary in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the facts, indictment dismissed and case remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. The judgment of conviction must be reversed and the indictment dismissed because under the circumstances of this case we find that no rational trier of fact could have found beyond a reasonable doubt that the defendant intended to gain unlawful entry into the premises in question (see *Jackson v Virginia,* 443 US 307, 319). Damiani, J. P., Mangano, Thompson and Boyers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD CRAW, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered June 8, 1981, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Defendant has not preserved for review the trial court's alleged error or abuse of discretion in its restrictions of the *voir dire* (CPL 470.15, subd 2; see *People v Jones,* 81 AD2d 22), and after review of the evidence adduced at trial we decline to consider this issue as a matter of discretion in the interest of justice (CPL 470.15, subd 6). Lazer, J. P., Weinstein, Bracken and Rubin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFREDO CUESTAS, Also Known as FREDDY, Appellant. — Judgment of the Supreme Court, Suffolk County (Corso, J.), rendered June 26, 1981, affirmed. No opinion. This case is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5). Titone, J. P., Gibbons, Thompson and Bracken, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MICHAEL FANELLI, Respondent. — The People appeal from an order of the Supreme Court, Richmond County (Owens, J.), dated October 20, 1982, which granted defendant's oral motion to dismiss an indictment charging him with criminal possession of stolen property in the first degree, on the ground that insufficient evidence was before the Grand Jury to support the indictment (CPL 210.20, subd 1, par [b]). Order reversed, on the law, motion denied and indictment reinstated, without prejudice to the defendant to renew upon compliance with the provisions of CPL 210.45 (subd 1). The motion to dismiss the indictment was made orally on the day before trial. A motion to dismiss an indictment must be made in writing and upon reasonable notice to the People (CPL 210.45, subd 1; *People v Vega,* 80 AD2d 867). Damiani, J. P., Gibbons, Thompson and Boyers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY GOODRIDGE and JOHN MYERS, Appellants. — Two judgments (one as to each defendant) of the Supreme Court, Queens County (Leahy, J.), both rendered November 5, 1981, affirmed. No opinion. This case is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (subd 5). Damiani, J. P., Mangano, Thompson and Boyers, JJ., concur.