■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRENDA J. BRUNO, Appellant. — Judgment of the Supreme Court, Suffolk County (Corso, J.), rendered February 5, 1982, affirmed. No opinion. This case is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5). Mangano, J. P., O'Connor, Bracken and Niehoff, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS COVINGTON, Appellant. — Judgment of the Supreme Court, Kings County (Goldstein, J.), rendered March 4, 1982, affirmed (see *People v Aiello,* 93 AD2d 864). Lazer, J. P., Mangano, Thompson and Gulotta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX OCASIO FIGUEROA, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Ramirez, J.), rendered July 29, 1982, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed, and case remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (subd 5). Defendant contends that the jury's verdict of guilty of criminal possession of a weapon in the second degree was repugnant to the verdict of not guilty of manslaughter in the first degree, where defendant raised the defense of justification. Defendant's contention has not been preserved for review as a matter of law (see CPL 470.05). Defendant failed to object to the allegedly repugnant verdicts prior to the discharge of the jury and his motion to set aside the verdict was untimely since it was made only after the jury had been discharged. At the time the motion was made, it was too late to remedy the defect, if any, by resubmission to the jury for reconsideration of its verdicts (see *People v Satloff,* 56 NY2d 745, 746; *People v Stahl,* 53 NY2d 1048, 1050). Titone, J. P., Gibbons, Thompson and Rubin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY GASKIN, Appellant. — Judgment of the Supreme Court, Queens County (Leahy, J.), rendered November 5, 1981, affirmed. (See *People v Goodridge,* 92 AD2d 573.) This case is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (subd 5). Titone, J. P., Gibbons, Thompson and Rubin, JJ., concur.