■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANNETTE JOHNSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vinik, J.), rendered January 6, 1984, convicting her of robbery in the first degree, upon her plea of guilty, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY JOHNSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Harrington, J.), rendered November 23, 1983, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

On the afternoon of November 10, 1982, the defendant and two others participated in robbing the complainant of four gold chains and $80 in cash at gunpoint in the complainant's

car in Queens County. The complainant testified that the defendant and an unapprehended accomplice had handguns during the robbery. The defendant admitted being present in the complainant's car during the robbery but denied having a gun.

The defendant contends that the jury's verdict of guilty of robbery in the first degree was repugnant to its verdict of not guilty of criminal use of a firearm in the first degree. However, his claim of a repugnant verdict was not preserved for appellate review. The defendant failed to object to the allegedly repugnant verdict prior to the discharge of the jury and his motion to set aside the verdict was untimely since it was made only after the jury had been discharged. At the time the motion was made it was too late to remedy the defect, if any, by resubmission to the jury for reconsideration of its verdict *(see, People v Satloff,* 56 NY2d 745, 746; *People v Stahl,* 53 NY2d 1048, 1050; *People v Figueroa,* 96 AD2d 515).

We see no abuse of discretion in the court's limitation on cross-examination of the complainant *(see, People v Sorge,* 301 NY 198, 202).

Finally, there was sufficient evidence to support the verdict *(see, People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932).* Lazer, J. P., Bracken, Weinstein and Eiber, JJ., concur.