823 F.2d 37
 Curtis COVINGTON, Petitioner-Appellant,
v.
James E. SULLIVAN, Superintendent of Sing Sing Correctional
Facility, Elizabeth Holtzman, District Attorney, Kings
County, and Robert Abrams, Attorney General of the State of
New York, Respondents-Appellees.
 No. 1097, Docket 86-2186.
 United States Court of Appeals,
Second Circuit.
 Argued May 5, 1987.
Decided July 15, 1987.
 
 Helena Pichel Solleder, New York City, for petitioner-appellant.
 Cheryl Swanson Mitchell, Asst. Dist. Atty., Brooklyn, N.Y. (Elizabeth Holtzman, Dist. Atty., Barbara D. Underwood, Nikki Kowalski, Asst. Dist. Attys., Brooklyn, N.Y., on the brief), for respondents-appellees.
 Before OAKES, NEWMAN, and PIERCE, Circuit Judges.
 JON O. NEWMAN, Circuit Judge:
 
 
 1
 Curtis Covington appeals from a judgment of the District Court for the Eastern District of New York (Joseph M. McLaughlin, Judge) denying his petition for a writ of habeas corpus to challenge his state court sentence as a second violent felony offender. He claims a violation of the Ex Post Facto Clause, U.S. Const., art. I, Sec. 9, cl. 3, because his predicate crime was classified as a violent felony after his first conviction though before the offense for which he was convicted and sentenced as a second violent felony offender. He also claims that he was denied the effective assistance of counsel by his trial counsel's failure to object to the imposition of an enhanced sentence. Because both claims lack merit, we affirm.
 
 I.
 
 2
 On November 3, 1978, appellant was convicted, on his plea of guilty, of attempted criminal possession of a weapon in the third degree, N.Y. Penal Law Secs. 110.00, 265.02 (McKinney 1975, 1980). He was placed on probation. On August 13, 1980, New York amended its penal laws to provide that criminal possession of a weapon in the third degree is a violent felony offense. See N.Y. Penal Law Sec. 70.02(1)(d) (McKinney Supp.1987); 1980 N.Y. Laws, ch. 233, Sec. 2. In 1980 and thereafter, New York provided enhanced penalties for persons who commit violent felonies after conviction of a prior violent felony. N.Y.Penal Law Sec. 70.04 (McKinney Supp.1987). On November 1, 1981, Covington shot and killed Steven Irby. For this offense he was indicted for murder in the second degree, N.Y. Penal Law Sec. 125.25 (McKinney 1975 & Supp.1987). Subsequently appellant pled guilty to manslaughter in the first degree, a Class B felony, N.Y. Penal Law Sec. 125.20 (McKinney 1975), in satisfaction of both the murder indictment and a charge of violating the probation imposed for the 1978 gun conviction. At the plea proceeding, Covington was informed that he would be sentenced to an indeterminate term of five to ten years for the manslaughter offense and that if he had been convicted of a predicate offense, "that fact may be established after your plea of guilty in this action now before the court and you will be subject to different or additional punishment." Upon his first appearance for sentencing, Covington was informed that the State was seeking to have him sentenced as a second violent felony offender in view of his current manslaughter conviction and his prior gun conviction. After initially receiving a sentence of five to ten years, Covington was subsequently resentenced to an indeterminate term of six to twelve years, the lowest possible indeterminate term that could be imposed upon a second violent felony offender who commits a Class B felony. N.Y. Penal Law Sec. 70.04(3)(a), (4) (McKinney Supp.1987).
 
 
 3
 Covington pursued his state court appellate remedies, contending that the reclassification of his 1978 gun conviction as a violent felony and its use as a predicate for an enhanced second violent felony penalty violated his federal constitutional rights under the Ex Post Facto Clause. His conviction and sentence were affirmed by the Appellate Division, People v. Covington, 96 A.D.2d 515, 464 N.Y.S.2d 994 (2d Dep't 1983), and by the Court of Appeals, People v. Morse, 62 N.Y.2d 205, 465 N.E.2d 12, 476 N.Y.S.2d 505 (1984), a consolidated appeal of five cases challenging various aspects of the second violent felony offender statute. A claim identical to Covington's was pursued in the Supreme Court by one of the appellants in the consolidated state court appeal and was dismissed for want of a substantial federal question. Vega v. New York, 469 U.S. 1186, 105 S.Ct. 951, 83 L.Ed.2d 959 (1985). Covington also unsuccessfully challenged his conviction and sentence in a collateral attack in the New York Supreme Court, renewing his ex post facto claim and adding a claim that he had been denied effective assistance of counsel at sentencing because of his counsel's failure to assert a constitutional challenge to the enhanced sentence. After leave to appeal to the Appellate Division was denied, Covington pursued both claims in a habeas corpus petition in the Eastern District of New York. From the denial of that petition, Covington appeals.
 
 II.
 
 4
 In Gryger v. Burke, 334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948), the Supreme Court upheld, against an ex post facto challenge, a state habitual criminal statute enhancing penalties for future crimes because of prior crimes committed before enactment of the statute. Appellant acknowledges the rule of Gryger v. Burke, supra, but contends that it does not authorize the enhanced sentencing provision New York has applied in this case. Appellant argues that "a statute may increase the punishment for a second crime but may not affect the nature of the prior crime." Brief for Appellant at 14. The distinction appellant attempts to draw is unavailing. Gryger recognized the authority of a state to enact an enhanced penalty for future conduct preceded by a criminal conviction obtained prior to enactment of the enhanced penalty. Thus, New York could unquestionably have provided in 1980 that Covington's penalty for future crimes, including the 1981 manslaughter, would be enhanced because of the 1978 gun conviction. The technique by which New York achieves this result has no constitutional significance. The State could enhance penalties for future crimes because of all prior convictions or only because of certain designated prior convictions, such as gun offenses. And if New York chooses to enhance penalties for future crimes because of only designated prior convictions, it can either designate the category of predicate crimes or, as it has done in this case, designate a category of violent offenses as predicate crimes and reclassify various crimes as falling within the previously designated category. Whichever technique is used, the result is the same: The prior criminal conduct serves to enhance the penalty to be imposed upon any person who commits a new crime after the date of the statute enhancing the penalty. And whichever technique is used, the protection of the Ex Post Facto Clause is not impaired: The person convicted of the predicate offense, whether newly designated within the category of predicate offenses or newly reclassified as falling within a previously designated category of predicate offenses, is on notice that his future criminal conduct will subject him to enhanced penalties. As the Supreme Court observed, an enhanced sentence "is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one." Gryger v. Burke, supra, 334 U.S. at 732, 68 S.Ct. at 1258.
 
 
 5
 Appellant's claim of ineffective assistance of counsel is also unavailing. His counsel did not fail to render adequate assistance by declining to advance an insubstantial ex post facto claim, and, in any event, the claim was fully considered and rejected on the merits by the New York appellate courts.
 
 
 6
 The judgment of the District Court is affirmed.