**UNITED STATES of America ex rel. Vicente RODRIGUEZ, Petitioner,**

**v.**

**Howard A. PETERS, III, Respondent.**

**No. 90 C 3705.**

United States District Court,
N.D. Illinois, E.D.

Oct. 16, 1990.

Vicente Rodriguez, pro se.

Neil F. Hartigan, Atty. Gen., State of Illinois, by Thomas L. Ciecko, Asst. Atty. Gen., Chicago, Ill., for respondent.

## ORDER

BUA, District Judge.

After pleading guilty to murder, Vicente Rodriguez was sentenced to a 40–year term of imprisonment. Dissatisfied with this sentence, Rodriguez now petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Rodriguez claims that his conviction is invalid because he entered an involuntary plea of guilty. This court disagrees, and denies his petition for a writ of habeas corpus.

## I. FACTS

In 1987, Rodriguez was charged with murder and armed violence in connection with the fatal stabbing of Luis Ramierez. Rodriguez entered a plea of not guilty to these charges. On the date set for trial, however, Rodriguez withdrew his plea of not guilty and entered a plea of guilty to murder. Before accepting the plea, Cook County Circuit Court Judge Fred G. Suria, Jr. informed Rodriguez of the possible sentences the court could impose:

> Do you realize, if I do accept your plea on the charge of murder, there is a mandatory minimum sentence of 20 years and a maximum sentence of 40 years. And under certain circumstances either of the case, itself and/or your background, that penalty could be enhanced to 80 years in the penitentiary.

> Under certain circumstances, there is also [a] possibility for a life sentence without parole and also a death penalty.

> Under the circumstances of this case and the State has advised me, this is not a death penalty case.

(Tr. 10.) In response to this admonishment, Rodriguez indicated that he understood the consequences of pleading guilty to murder. (Tr. 10.)

After the parties stipulated to the factual basis of the plea, Judge Suria again advised Rodriguez of the potential sentence:

> Mr. Vicente Rodriguez, before asking you, if you would agree to these stipulations of facts, if those parties were called that would be their testimony, I should point out to you that the indicated range of sentence was between 20 and 40 years. Under certain circumstances, it could be enhanced to 80 years or to a life sentence. Because of your age, you are not eligible for the death penalty.

> I should also indicate that there is a legal question as to whether or not you could be, under the factual situation of this case, and your background, your record, if you will, whether or not you would be sentenced to more than 40 years. So, that means that 40 years may very well be the maximum sentence.

(Tr. 27–28.) Rodriguez considered this admonishment, and indicated that he still wished to plead guilty. Judge Suria then accepted Rodriguez' guilty plea, and sentenced him to a 40–year term of imprisonment. At that point, the judge stated: "And realizing, now, that I [have] sentenced you [to] a term of 40 years, Illinois Department of Corrections, do you still wish me to accept the pleas [sic] of guilty?" (Tr. 39.) Rodriguez replied, "Yes." (Tr. 39.)

Despite Rodriguez' initial willingness to plead guilty, he subsequently filed a motion to withdraw his guilty plea. Finding that Rodriguez had knowingly and voluntarily pleaded guilty, Judge Suria denied the motion. This ruling was affirmed by the Illinois Appellate Court. *See People v. Rodriguez*, No. 1–87–3431 (1st Dist. Dec. 22, 1989). On April 4, 1990, the Illinois Supreme Court denied Rodriguez' petition for leave to appeal.

Following his unsuccessful appeal in state court, Rodriguez filed a petition for a writ of habeas corpus in federal court. Rodriguez named Warden Howard A. Peters, III of the Pontiac Correctional Center as respondent.[1]

## II. DISCUSSION

In seeking a writ of habeas corpus, Rodriguez claims that he did not knowingly and voluntarily enter the plea of guilty. Rodriguez contends that he pleaded guilty in reliance on an erroneous admonishment given by Judge Suria.

Under Illinois Supreme Court Rule 402, the trial court cannot accept a guilty plea without first informing the defendant of the minimum and maximum sentences that may be imposed. Ill.Rev.Stat. ch. 110A, para. 402(a)(2) (1989). Prior to accepting Rodriguez' plea, Judge Suria indicated that an 80–year extended sentence could be imposed for the crime committed by Rodriguez. (Tr. 10, 27–28.) But Judge Suria could not have imposed such a sentence. Illinois law provided that a defendant could not receive an extended term of imprisonment unless he was at least 17 years old on the date the crime was committed. *See* Ill.Rev.Stat. ch. 38, para. 1005–5–3.2(b) (1985). Because Rodriguez was only 16 when he committed the murder, he was not eligible to receive an extended 80–year sentence.

Nonetheless, Judge Suria's improper admonishment will not provide a basis for habeas relief. Rodriguez cannot dispute that Judge Suria correctly admonished him regarding the minimum term of imprisonment (twenty years) as well as the maximum sentence (life imprisonment).[2] *See People v. Rodriguez*, No. 1–87–3431, at 7–8. Although Judge Suria incorrectly stated that Rodriguez was eligible for an extended 80–year sentence, this error could not have affected Rodriguez' decision to plead guilty. After all, Rodriguez was eligible for life imprisonment. Rodriguez cannot persuasively argue that he was induced to plead guilty by the threat of an 80–year sentence, but not a sentence of life imprisonment. Having reviewed the transcript of the trial court proceedings, this court concludes that Judge Suria's admon-

1. In spite of the fact that Rodriguez appealed his conviction to the Illinois Appellate Court, and petitioned for leave to appeal to the Illinois Supreme Court, respondent contends that Rodriguez has not fully exhausted his state court remedies as required by 28 U.S.C. § 2254(b). According to respondent, Rodriguez has asserted new factual allegations that were not raised in state court. This argument is unavailing. Contrary to respondent's position, the allegations that are material to a resolution of this habeas proceeding were presented to the Illinois Appellate Court on direct appeal. Indeed, Rodriguez essentially raises the same arguments that were rejected by the appellate court. *See People v. Rodriguez, supra.*

2. Pursuant to § 5–8–1(a)(1)(b) of the Illinois Unified Code of Corrections, a judge may impose a sentence of life imprisonment if the "murder was accompanied by exceptionally brutal and heinous behavior indicative of wanton cruelty." Ill.Rev.Stat. ch. 38, para. 1005–8–1(a)(1)(b) (1985). "This provision is not restricted on the basis of age, which indicates that a natural life sentence may be applicable to any defendant convicted of murder." *People v. Rodriguez*, No. 1–87–3431, at 7. Since Judge Suria found the murder of Ramierez to be "exceptionally brutal and heinous" (Tr. 37.), Rodriguez was eligible for life imprisonment.

ishments did not render Rodriguez' plea involuntary.

■ Rodriguez also attacks his conviction on the ground that he was denied effective assistance of counsel during the plea negotiations. To prevail on a claim of ineffective assistance of counsel, Rodriguez must satisfy the two-prong test articulated in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).[3] Under the first prong, he must demonstrate that his attorney's performance "fell below an objective standard of reasonableness." *Id.* at 688, 104 S.Ct. at 2065. *Strickland*'s second prong requires a showing of prejudice from the alleged deficiency in performance. *Id.* at 692, 104 S.Ct. at 2067. The burden is on Rodriguez to satisfy both requirements of the *Strickland* test. *Santos v. Kolb,* 880 F.2d 941, 943 (7th Cir.1989), *cert. denied,* ── U.S. ──, 110 S.Ct. 873, 107 L.Ed.2d 956 (1990).

In support of his ineffective-assistance claim, Rodriguez contends that his attorney advised him that he was eligible for an 80-year extended sentence—a clear misstatement of the law. Assuming, without deciding, that this erroneous advice rendered counsel's performance deficient, Rodriguez has not made a sufficient showing of prejudice to justify setting aside his conviction.

A criminal defendant cannot satisfy the prejudice requirement without demonstrating that counsel's ineffective assistance actually affected the outcome of the plea proceeding. *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). There must be a reasonable probability that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* In light of the unsubstantiated assertions of ineffective assistance contained in Rodriguez' habeas petition, this court cannot reasonably determine that counsel's advice affected the outcome of the plea process. Regardless of whether Rodriguez was subject to an 80-year sentence, Judge Suria

specifically informed Rodriguez that he was eligible for life imprisonment. As stated previously, the possibility of life imprisonment would certainly provide as much, if not more, of an incentive to plead guilty than would the threat of receiving an 80-year term of imprisonment.

■ Aside from the bald assertion that he would not have pleaded guilty, Rodriguez has provided no allegations detailing the reasons why he would have insisted on going to trial. The Seventh Circuit has repeatedly held that a criminal defendant must do more than simply allege that he would not have pleaded guilty; the defendant must specifically explain why he would have gone to trial. *See Santos,* 880 F.2d at 943 ("[a] specific explanation of why the defendant alleges he would have gone to trial is required"); *Gargano v. United States,* 852 F.2d 886, 890 (7th Cir. 1988) ("mere allegations by a defendant that he would have pleaded differently and insisted on going to trial are insufficient to establish prejudice"); *Key v. United States,* 806 F.2d 133, 139 (7th Cir.1986) (a criminal defendant cannot establish ineffective assistance of counsel by merely alleging that "he would have pleaded differently and gone to trial"). Quite simply, Rodriguez cannot obtain habeas relief based on conclusory allegations of prejudice unsupported by specific facts.

## III. CONCLUSION

For the foregoing reasons, the court denies Rodriguez' petition for a writ of habeas corpus. Rodriguez' motion for appointment of counsel is denied as moot.

IT IS SO ORDERED.

---

**3.** Although *Strickland* involved a capital sentencing proceeding, the same two-part analysis applies to ineffective-assistance claims arising from the plea process. *Hill v. Lockhart,* 474 U.S. 52, 57, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985).