**UNITED STATES of America, ex rel., Albert Michael BONEY, Petitioner,**

v.

**Salvador GODINEZ, Warden, Respondent.**

No. 92 C 6549.

United States District Court, N.D. Illinois, E.D.

Nov. 17, 1993.

Albert Michael Boney, pro se.

Bradley P. Halloran, Terence Madsen, Illinois Atty. Gen.'s Office, Chicago, IL, for respondent.

**MEMORANDUM OPINION
AND ORDER**

ALESIA, District Judge.

Now before the court are petitioner's objections to Magistrate Judge Ronald Guzman's Report & Recommendation ("Report") regarding Albert Michael Boney's ("Boney") petition for a writ of habeas corpus. The Magistrate Judge recommended that Boney's petition be denied for (1) failure to comply with the procedural requirements of 28 U.S.C. § 2254(b) and (2) failure to demonstrate a Constitutional violation. For the reasons set forth below, this court agrees with the Report and denies Boney's petition.

## I. FACTS

In March of 1973, Boney was convicted of armed robbery, attempted murder and aggravated battery. While on parole for these offenses in 1980, Boney committed an armed robbery of the Ames family. Boney was found guilty of home invasion and three counts of armed robbery.

The trial judge sentenced Boney to 60 years. In sentencing Boney to the maximum term allowed under Illinois law, the trial judge focused extensively on Boney's prior armed robbery conviction and invoked the Illinois extended sentencing statute. ILL. REV.STAT. ch. 38, para. 1005–5–3.2(b)(1) (1979).[1] To invoke this statute, a trial judge must find that the defendant committed a prior offense of the same or greater class as the pending offense. *Id.* When Boney committed the 1973 armed robbery, armed robbery was a Class 1 felony. In 1978, the Illinois legislature reclassified armed robbery as a Class X felony. 1977 Ill.Laws 80–1099. When sentencing Boney for the Ames robberies, the trial judge deemed the 1973 armed robbery a Class X felony, and therefore, an offense of the same class as the 1980 convictions. Accordingly, he sentenced Boney pursuant to the extended sentencing statute.

During sentencing, the trial court incorrectly stated that Boney had bound the vic-

---

1. This statute has been reenacted as 730 ILCS 5/5–5–3.2(b)(1) (1992).

tims. The trial court also incorrectly noted that Boney had ordered the victims to remain in a closet for the duration of the robbery, when in fact Boney had ordered them into a bathroom. The trial judge also mentioned that Boney was carrying a sawed-off shotgun.

Boney appealed his sentence to the Illinois Appellate Court, arguing that the trial judge committed error by imposing a sentence based upon aggravating factors that did not exist. The appellate court rejected his contention, because the record demonstrated that the judge relied on Boney's prior conviction to invoke the extended sentencing statute. *People v. Davis,* 124 Ill.App.3d 813, 823, 80 Ill.Dec. 167, 174–75, 464 N.E.2d 1150, 1157–58 (1st Dist.1984). The Illinois Supreme Court denied Boney leave to appeal. Boney has never filed for postconviction relief pursuant to the Illinois Post–Conviction Hearing Act. ILL.REV.STAT. ch. 38, para. 122–1.[2]

In his petition for writ of habeas corpus, Boney argues that the trial judge's invocation of extended sentencing violated the fourteenth amendment and the *ex post facto* clause. Boney further argues to this court that the appellate defender who represented Boney before the Illinois Appellate Court was ineffective, and thus, the State of Illinois violated Boney's 6th Amendment rights. *See, e.g., Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

## II. DISCUSSION

### 1. Boney's Contention that His Sentence Violates the Fourteenth Amendment and the Ex Post Facto Clause

Boney contends he is entitled to relief pursuant to 28 U.S.C. § 2254 because (1) the trial judge's sentence was so arbitrary and capricious as to violate his rights to due process under the fourteenth amendment and (2) the reclassification of his prior conviction to invoke extended sentencing violated the *ex post facto* clause. Petition for Writ of Habeas Corpus at 2.

### A. Procedural Requirement

 An inmate of the state must exhaust state remedies before petitioning a federal court for a writ of habeas corpus. 28 U.S.C. § 2254(b) (1989). The Magistrate Judge found that Boney failed to exhaust state remedies. Report, at 22–23. This court must disagree. While it is true that Boney has failed to invoke the protection of the Post–Conviction Act, an Illinois inmate is not required to petition for post-conviction relief when such a petition is futile. *United States ex rel. Avila v. Ahitow,* 791 F.Supp. 197, 200 (N.D.Ill.1992) (citing *Castille v. Peoples,* 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989)). In Illinois, an issue that was or *could have been* raised on appeal is res judicata in a post-conviction proceeding. *Gornick v. Greer,* 819 F.2d 160, 161 (7th Cir.1987) (emphasis added); *see, e.g., People v. Emerson,* 153 Ill.2d 100, 107, 180 Ill.Dec. 46, 49, 606 N.E.2d 1123, 1126 (1992) (holding that the defendant waived his arguments challenging the constitutionality of Illinois' death penalty because he failed to raise them on appeal), *cert. denied,* — U.S. —, 113 S.Ct. 1865, 123 L.Ed.2d 485 (1993). As noted by the Seventh Circuit Court of Appeals, "[t]his rule has been applied strictly, virtually eliminating the post-conviction remedy for any prisoner who has taken a direct appeal." *Id.* Thus, it would be futile for Boney to file a post-conviction petition in state court because he could have raised the due process and *ex post facto* claims before the Illinois Appellate Court. Therefore, this Court finds that Boney has exhausted his state remedies regarding these issues pursuant to Section 2254(b).

### B. Substantive Requirement

The Magistrate Judge also concluded that Boney failed to demonstrate that his incarceration violates the Constitution. Report, at 8–17 (citing 28 U.S.C. § 2254(a)). This court agrees.

#### i) The Sentence Does Not Violate Boney's Right to Due Process

 Boney alleges the trial court's sentence was arbitrary and capricious because

---

**2.** This statute is currently codified at 725 ILCS 5/122–1.

the court erroneously relied upon facts which either did not exist or could not be used to aggravate a sentence. Petitioner's Mem. in Supp., at 16 (citing *U.S. v. Rone*, 743 F.2d 1169, 1171 (7th Cir.1984) ("A sentence must be set aside where the defendant can demonstrate that false information formed part of the basis of the sentence.")).

■ At sentencing, the trial judge mentioned, "There was threatened harm, a sawed-off shotgun˙ was presented, people were placed in closets, bound, threatened, advised to remain silent." *Davis*, 124 Ill. App.3d at 823, 80 Ill.Dec. 167, 464 N.E.2d 1150. It is true that the trial judge incorrectly believed that Boney had bound his victims, and he mistook a bathroom for a closet. It is also true that under Illinois law, elements of an offense cannot be used to aggravate the sentence. *People v. Saldivar*, 113 Ill.2d 256, 271–72, 100 Ill.Dec. 776, 773, 497 N.E.2d 1138, 1145 (1986). Because an individual must have a weapon to commit armed robbery, the existence of this weapon cannot aggravate the sentence. 720 ILCS 5/18–2 (1992). Thus, the presence of Boney's shotgun does not suffice to aggravate the sentence.

However, this Court agrees with the Illinois Appellate Court and the Magistrate Judge in concluding that the trial judge did not rely on these facts. The trial judge expressly stated that Boney's prior conviction was the basis for his sentence:

> Mr. Boney, it's true has been convicted three times simultaneously.... [T]he previous conviction [is] sufficient ... in the Court's judgement to invoke the extended term sentencing ... The earlier conviction of [the] similar offense of armed robbery supports the finding that the extended term provision of the law applies and it is so ordered then, that the extended term sentencing will now be and is invoked against Michael Boney.

Trial Transcript, at 51, *quoted in* Petitioner's Mem. in Supp., at 2–3.

Thus, the transcript clearly demonstrates that the trial judge was primarily concerned with the petitioner's prior conviction. Because he did not rely upon the three aforementioned facts to sentence Boney, he did not deprive Boney of any Constitutional rights.

■ Further, even if the state court considered these facts to a limited degree, this error does not rise to the level of a Constitutional violation. *See, e.g., Rose v. Hodges*, 423 U.S. 19, 20, 96 S.Ct. 175, 175, 46 L.Ed.2d 162 (1975). Misapplication of state law results in a due process violation only if the subsequent sentence is "arbitrary and capricious." *Richmond v. Lewis*, —— U.S. ——, ——, 113 S.Ct. 528, 536, 121 L.Ed.2d 411 (1992); *Lewis v. Jeffers*, 497 U.S. 764, 783, 110 S.Ct. 3092, 3102, 111 L.Ed.2d 606 (1990). To meet this standard, the petitioner must demonstrate that "no reasonable sentencer" could have found the existence of aggravating factors that justify the sentence length. *Lewis*, 497 U.S. at 783, 110 S.Ct. at 3102. Boney does not dispute the existence of his prior conviction. Petitioner's Mem. in Supp., at 2. Thus, Boney must demonstrate that no reasonable sentencer could conclude that this conviction justifies the length of his sentence.

■ A reasonable sentencer could have found that Boney's prior conviction justified the imposition of the maximum sentence allowed by law. A state does not violate a citizen's due process rights by imposing a longer prison term upon her because she is a habitual criminal. *Gryger v. Burke*, 334 U.S. 728, 731, 68 S.Ct. 1256, 1258, 92 L.Ed. 1683 (1948). The Illinois Appellate Court concluded that the record clearly established that Boney had maintained a "caree[r] as [a] professional robber even after completing [a] prior penitentiary sentence." *Davis*, 124 Ill. App.3d at 824, 80 Ill.Dec. 167, 464 N.E.2d 1150. A reasonable sentencer could easily conclude that a defendant who has consistently revealed his intent to financially support himself by robbing others at gun-point deserves the maximum sentence.

Moreover, a reasonable sentencer could also conclude that the maximum sentence allowed by law is appropriate for an offender who commits the crime while on parole for the same exact crime. In *United States v. Lewis*, the Seventh Circuit held that, pursuant to the Federal Sentencing Guidelines, it

is proper for a trial court to sentence a defendant to a longer prison term if s/he commits the crime while on parole. *United States v. Lewis,* 954 F.2d 1386, 1397 (7th Cir.1992) (citing U.S.S.G. § 4A1.1 (1992)). In the instant case, Boney committed the Ames robbery while on parole for armed robbery. Like the defendant in *Lewis,* Boney had been afforded the opportunity to reform his conduct. Yet once paroled, Boney chose to continue to engage in criminal activity. A reasonable sentencer could easily conclude that the maximum punishment for an offense is appropriate when the defendant commits the exact same felony while on parole, as such conduct demonstrates the extreme improbability of rehabilitation and the defendant's complete indifference to the law.

■ Boney further contends that the trial court misinterpreted the extended sentencing statute and hence, improperly invoked it against him. Petitioner's Mem. in Supp., at 10–11. Boney reasons that because the Illinois legislature used the words "same or similar class felony," rather than "same felony," the legislature did not intend for a trial judge to invoke the statute against a defendant who had previously been convicted for the same felony when it had a different classification. *Id.* Therefore, Boney alleges that the trial judge erred by using his 1973 conviction to invoke extended sentencing.

First, it is questionable whether the trial judge in the instant case even misinterpreted the statute. In *People v. Butler,* the Illinois Appellate Court upheld the application of the extending sentencing statute against a defendant who had previously been convicted of armed robbery when armed robbery was a Class 1 offense:

> For appellant to argue that an individual convicted in 1972 of armed robbery can now defy both the legislature and the courts by arguing that he really committed a different crime, because the classification names were distinctive, and that he should not be treated as a repeat offender for purposes of sentencing, simply because the sentences for the same crime differed at two relative points in time, is patently absurd as form over substance. . . .

*People v. Butler,* 78 Ill.App.3d 809, 816, 33 Ill.Dec. 650, 655, 396 N.E.2d 1374, 1379 (5th Dist.1979).

■ However, assuming arguendo that the trial judge misinterpreted the statute, a federal court simply does not have jurisdiction to displace the interpretations that the Illinois judiciary gives an Illinois sentencing statute. It is well-established that a federal court is "bound by a State's interpretation of its own statute and will not substitute [its] judgment for that of the State's". *Garner v. Louisiana,* 368 U.S. 157, 166, 82 S.Ct. 248, 253, 7 L.Ed.2d 207 (1961); *Jones v. Thieret,* 846 F.2d 457, 460 (7th Cir.1988) (quoting same).

*Jones v. Thieret* aptly demonstrates the operation of this principle to facts similar to those of the instant case. In *Jones,* the Illinois trial judge had invoked the extended sentencing statute against the defendant because the judge opined that the defendant's conduct was "exceptionally brutal." *Jones,* 846 F.2d at 458 (citing *People v. Jones,* 73 Ill.App.3d 99, 29 Ill.Dec. 342, 391 N.E.2d 767 (4th Dist.1979)). The judge had applied an expansive interpretation of "brutal," which the Illinois Supreme Court rejected in a later case. *Id.* 846 F.2d at 459 (citing *People v. LaPointe,* 88 Ill.2d 482, 501, 59 Ill.Dec. 59, 67, 431 N.E.2d 344, 352 (1981) (holding that the word "brutal" contemplates only that conduct which is "grossly ruthless" or "cruel and cold-blooded")). In denying the defendant's petition for a writ of habeas corpus, the Seventh Circuit held that the trial judge's misinterpretation of a state statute did not deny the defendant any rights guaranteed by the Federal Constitution. *Id.; see also Lewis,* 497 U.S. at 780, 110 S.Ct. at 3102 ("[A] claim that the state court simply misapplied its own aggravating circumstance to the facts of [the] case" fails "[b]ecause federal habeas corpus relief does not lie for errors of state law"). Thus, Boney's contention that he is entitled to relief under Section 2254 because the trial court allegedly misinterpreted the extended sentencing statute is devoid of merit. Accordingly, his argument that his sentence violates the Fourteenth Amendment[3] must be dismissed.

---

3. Boney also complains that his sentence violates

the equal protection clause. Petitioner's Mem.

### ii) *The Sentence Does Not Violate the Ex Post Facto Clause*

 Boney also contends that the legislature's reclassification of armed robbery and the trial judge's subsequent determination that Boney's 1973 armed robbery conviction was the same class as his 1980 conviction violates the Constitutional prohibition on the enactment of *ex post facto* laws. Petitioner's Mem. in Supp., at 12–13.

This argument is foreclosed by United States Supreme Court precedent. In *Gryger*, the trial judge imposed a longer sentence upon the petitioner pursuant to the Habitual Criminal Act. *Gryger*, 334 U.S. at 729, 68 S.Ct. at 1256. The trial judge invoked the Act because the petitioner had three previous convictions. *Id.* One of the petitioner's convictions pre-dated the statute's enactment. *Id.* The petitioner argued that the Act violated the *ex post facto* clause because, pursuant to the Act, the petitioner received a longer sentence because of a crime that he committed before the passage of the Act. *Id.* at 732, 68 S.Ct. at 1258. The Supreme Court rejected this argument: "The sentence as a ... habitual criminal is not to be viewed as ... [an] additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one." *Id.*

Similarly, the reclassification in 1978 of Boney's 1973 conviction did not impose an additional penalty on Boney for the 1973 conviction. Rather, the reclassification operated only to extend the sentence of his 1980 conviction. Because the legislature enacted the reclassification statute two years *before* Boney committed the 1980 offense, it effected Boney only prospectively. Thus, it did not violate the *ex post facto* clause.

Further, the one Federal Court of Appeals that has explicitly addressed the issue of legislative reclassification reached the same conclusion as this court does. *Covington v. Sullivan*, 823 F.2d 37 (2d Cir.1987). In *Covington*, the petitioner had been convicted of criminal possession of a weapon. *Id.* at 38. Two years later, the State of New York reclassified this crime as a violent felony. *Id.* When the petitioner was convicted of murder, the trial judge imposed an enhanced penalty because of petitioner's prior violent felony conviction, the weapons-possession charge. *Id.* Relying on *Gryger*, the Court of Appeals rejected the petitioner's claim and held that the reclassification did not violate the *ex post facto* clause. *Id.* 823 F.2d at 89.

Thus, this court must agree with the findings of the Magistrate Judge that Boney's sentence does not violate either the due process or *ex post facto* clauses of the United States Constitution. Report, at 10–18.

### 2. *Boney's Contention that He Received Ineffective Assistance of Appellate Counsel*

 Boney alleges he received ineffective assistance of appellate counsel in violation of the Sixth Amendment. Petitioner's Mem. in Supp., at 3. As discussed *supra*, a petitioner must exhaust state remedies before petitioning a federal court for a writ of habeas corpus. This court agrees with the Magistrate Judge that Boney has failed to satisfy this requirement as to this argument. Report, at 20–21.

First, in his request for leave to appeal to the Illinois Supreme Court, Boney did not allege that his appellate counsel was inadequate.[4] Report, at 20.

---

in Supp., at 8. However, in contrast to his arguments on due process and the *ex post facto* clause, Boney does not present any facts, case law, or explanation describing how his sentence violates the equal protection clause. Indeed, Boney does not even mention this alleged violation again in his memorandum. It is well-established that a prisoner cannot obtain habeas relief by making bare, conclusory allegations. *Bobo v. Kolb*, 969 F.2d 391, 400 (7th Cir.1992); *United States ex rel. Rodriguez v. Peters*, 746 F.Supp. 1373, 1376 (N.D.Ill.1990). Thus, this court dismisses Boney's contention that his sentence violates equal protection.

4. Further, even had Boney appealed this issue, he nonetheless would have failed to satisfy the procedural requirements of Section 2254(b). In *Castille*, the United States Supreme Court held that a petitioner does not "fairly present" an issue to a state, and consequently, does not satisfy Section 2254(b), when the petitioner merely raises an issue for the first time in a discretionary appeal to the state's highest court. *Castille*, 489 U.S. at 351, 109 S.Ct. at 1060.

■ Secondly, Boney has not filed for post-conviction relief, although the Illinois Post–Conviction Hearing Act affords Boney a remedy. Petitioner's Mem. in Supp., at 5. Unlike the aforementioned due process and *ex post facto* claims, a petitioner in Illinois does not necessarily waive his/her claim of ineffective assistance of counsel by failing to raise it on appeal. *Cruz v. Warden of Dwight Correctional Ctr.*, 907 F.2d 665, 670 (7th Cir.1990). Illinois courts typically do not apply the doctrine of res judicata to the claims of ineffective counsel. *United States ex rel. Avila v. Ahitow*, 791 F.Supp. 197, 200 (N.D.Ill.1992) (citing *People v. Frank*, 48 Ill.2d 500, 272 N.E.2d 25 (1971); *People v. Edgeworth*, 30 Ill.App.3d 289, 332 N.E.2d 716 (1st Dist.1975)). The Illinois courts reason that such a claim implicates facts which are outside of the trial transcript and thus, the petitioner was unable to raise it on direct appeal. *Cruz*, 907 F.2d at 669; *Gornick*, 819 F.2d at 161 (citing *People v. Montgomery*, 141 Ill.App.3d 428, 95 Ill.Dec. 733, 490 N.E.2d 206 (4th Dist.1986), *cert. denied*, 479 U.S. 866, 107 S.Ct. 224, 93 L.Ed.2d 151 (1986); *People v. Turner*, 74 Ill.App.3d 840, 30 Ill.Dec. 400, 393 N.E.2d 55 (1st Dist. 1979)). Boney has failed to argue in any Illinois court that he received ineffective assistance of appellate counsel. Yet the case law clearly indicates that he can raise it in an Illinois post-conviction hearing. Accordingly, his petition for habeas corpus is denied for failure to exhaust available state remedies.[5]

### III. *CONCLUSION*

For the reasons set forth above, this Court accepts the conclusion of the Magistrate Judge's Report and Recommendation and denies Boney's petition for habeas corpus.

■

---

[5]. The Magistrate Judge found that even had Boney not procedurally defaulted, he could not demonstrate a violation under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and *Lockhart v. Fretwell*, —— U.S. ——, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). Because this court agrees with the Magistrate Judge that Boney has not satisfied the procedural requirements, we decline to address this issue.

The exhaustion doctrine is predicated upon "principles of comity and reflects a desire to protect the state courts' role in the enforcement of federal law." *Castille*, 489 U.S. at 349, 109 S.Ct. at 1059. Thus, it would seem inappropriate for this court to express an opinion on the merits of petitioner's claim, albeit in dicta, before the State of Illinois has the opportunity to address the issue.