**UNITED STATES of America**

v.

**Michael William BULL, Defendant.**

**No. 98CR.1297 (SHS).**

United States District Court,
S.D. New York.

July 5, 2000.

---

Debra Elisa Cohen, New York, NY, for Alvaro Montoya-Gil.

Frederick H. Cohn, New York, NY, Donald Vogelman, Pariser & Vogelman, New York, NY, Paul R. Nalven, Nalven & Schacht, New York, NY, for Giovanni Gonzalez.

Simone Manasebian, Law Offices of Michael Kennedy, P.C., New York, NY, for Michael William Bull.

Paul Madden, Brooklyn, NY, Joseph A. Bondy, Law Office of Joseph Bondy, New York, NY, for Soraida Tenorio-Tascon.

## OPINION & ORDER

STEIN, District Judge.

On December 9, 1999, defendant Michael William Bull was convicted by a jury of one count of conspiracy to violate the narcotics laws of the United States and of one count of possession with intent to distribute a controlled substance. On February 4, 2000, this Court denied Bull's motion for a judgment of acquittal pursuant to Fed.R.Crim.P. 29 on the grounds of insufficient evidence. Bull now moves pursuant to 21 U.S.C. § 851(c) for a hearing on the government's request pursuant to 21 U.S.C. § 841(b)(1)(A) for a sentence enhancement based on an alleged prior felony conviction. For the reasons set forth below, Bull's motion is denied.

Section 841(b)(1)(A) of 21 U.S.C. mandates an enhanced sentencing range for certain drug-violations where the offender had previously been convicted of a felony drug offense: "If any person commits such a violation after a final conviction for a

prior felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment." 21 U.S.C. § 841(b)(1)(A). It is not disputed that the drug violations for which Bull was convicted in December 1999 are among the crimes covered by that section.

What is disputed is whether Bull's prior drug offense qualifies as a felony within the meaning of this statute. As the basis for the sentence enhancement, the government relies on a prior conviction on one count of cocaine possession that was entered against Bull in the Circuit Court for Prince George's County, Maryland on September 23, 1987. As punishment for that prior offense, Bull was sentenced to eighteen months in prison, although the sentence was ultimately suspended as to all but 136 days. According to Bull, such an offense qualifies as a misdemeanor, not a felony, under Maryland law, and the government does not dispute this assertion. *See generally* Aff. of Roberto Rionda, dated June 5, 2000.

At the time of Bull's conviction in 1987, the enhancement mandated by Section 841 applied only if the prior offense qualified as a felony pursuant to state law. *See United States v. Glover,* 153 F.3d 749, 757 (D.C.Cir.1998) (citing 21 U.S.C. § 841(b)(1)(A) (1988)). On September 13, 1994, however, Congress amended the law to define the term "felony drug offense" as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State . . . that prohibits or restricts conduct relating to narcotic drugs." 21 U.S.C. § 802(44); *see Glover,* 153 F.3d at 757. As a result, although Bull's prior offense would not have qualified as a felony for enhancement purposes at the time his state conviction was entered in 1987, the prior offense plainly does qualify him for such an enhancement with respect to the federal convictions entered in December 1999.

Bull contends that this result violates the Ex Post Facto Clause of the U.S. Constitution insofar as it effectuates a retroactive increase in the penalty for his offenses. *See, e.g., Miller v. Florida,* 482 U.S. 423, 430, 107 S.Ct. 2446, 2451, 96 L.Ed.2d 351 (1987). Bull's contention must be rejected. The U.S. Court of Appeals for the Second Circuit and other circuit courts have consistently held that "an enhanced sentence 'is not to be viewed as either a new jeopardy or additional penalty for the early crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.'" *Covington v. Sullivan,* 823 F.2d 37, 39–40 (2d Cir.1987) (quoting *Gryger v. Burke,* 334 U.S. 728, 732, 68 S.Ct. 1256, 1258, 92 L.Ed. 1683 (1948)); *see Glover,* 153 F.3d at 757 (collecting circuit cases). Accordingly, "'[a]s long as the second offense occurs after passage of the punishment-enhancing statute, . . . there is no retroactivity problem.'" *United States v. Meeks,* 25 F.3d 1117, 1120 (2d Cir.1994) (quoting *United States v. Panebianco,* 543 F.2d 447, 453 n. 4 (2d Cir.1976)).

Bull further argues, however, that retroactivity problems persist because he was charged for offense conduct that began in 1994, whereas the statutory definition of "felony drug offense" was not amended until September 13, 1994. This contention must also be rejected. With respect to the conspiracy count, "'[i]t is well-settled that when a statute is concerned with a continuing offense [such as conspiracy], the Ex Post Facto clause is not violated by application of a statute to an enterprise that began prior to, but continued after, the effective date of the statute.'" *United States v. Monaco,* 194 F.3d 381, 386 (2d Cir.1999) (quoting *United States v. Harris,* 79 F.3d 223, 229 (2d Cir.1996)). Here, the indictment specifically charged that the narcotics conspiracy lasted from in or about 1994 until June 1999. Moreover, with respect to the substantive count, the indictment charged that

the crime—possession with intent to distribute a controlled substance—took place in August 1997. As the order of this Court denying Bull's Rule 29 motion makes clear, the jury was presented with sufficient evidence demonstrating that the conspiracy continued after September 13, 1994, and that the substantive offense also took place after that date. *See United States v. Bull,* No. 98 Cr. 1297(SHS), slip op., at 2–3 (S.D.N.Y. Feb. 4, 2000).

Because Michael William Bull's motion raises only legal questions and does not turn on disputed issues of fact, this Court need not conduct an evidentiary hearing pursuant to 21 U.S.C. § 851(c). *See United States v. Arango–Montoya,* 61 F.3d 1331, 1339 (7th Cir.1995). Accordingly, Bull's motion for a hearing on the government's requested sentencing enhancement is hereby denied.