Peter CORSO, Petitioner,

v.

Hans WALKER, Superintendent, Auburn Correctional Facility, Respondent.

No. 00–CV–487 (ADS).

United States District Court, E.D. New York.

March 27, 2003.

Peter Corso, Brooklyn, New York, for Petitioner, pro se.

Thomas Spota, District Attorney of Suffolk County, Riverhead, NY, by Assistant District Attorney, Thomas Costello, for Respondent.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Peter Corso ("Corso") petitions for a writ of habeas corpus from his 1988 conviction in state court, pursuant to 28 U.S.C. § 2254. For the reasons stated below, Corso's petition is denied.

### BACKGROUND

Because Corso has a long and complicated history in both state and federal court, the Court sets forth only the facts and procedural history relevant to the disposition of the instant petition.

In the summer of 1987, the Suffolk County Police Department's narcotics division conducted an investigation which eventually led to Corso's indictment for Criminal Possession of A Controlled Substance in the First Degree (N.Y. Penal Law § 220.21) and Conspiracy in the Second Degree (N.Y. Penal Law § 105.15). On January 22, 1988, Corso pled guilty to Criminal Possession of A Controlled Substance in the Second Degree (N.Y. Penal Law § 220.18) in Supreme Court, Suffolk County (McInerney, J.). On March 22, 1988, the court sentenced Corso, as a prior felony offender, to an indeterminate prison term of twelve years to life.

In 1992, Corso moved to vacate the judgment of conviction, pursuant to New York Criminal Procedure Law Section 440. Neither Corso nor the Respondent informed the Court of what grounds he alleged in that motion. In any event, by order dated November 20, 1992, Judge McInerney denied the motion. Corso appealed that denial to the New York State Supreme Court, Appellate Division, Second Department ("Appellate Division"), arguing: (1) the prosecutor committed misconduct; (2) the court unlawfully imposed predicate felony status on him; and (3) he

was wrongfully excluded from certain conferences. On April 7, 1993, the Appellate Division denied Corso leave to appeal.

Corso then filed a series of federal habeas corpus petitions; all were initially dismissed. However, on October 20, 1997, the Second Circuit gave Corso permission to file the instant petition, provided that he exhaust state remedies regarding his predicate felon claim. *Corso v. Walker,* No. 96–2472 (2d Cir. filed Oct. 20, 1997).

Sometime thereafter, Corso filed a Section 440 motion. Again, neither Corso nor the Respondent informed this Court of what grounds Corso presented in that motion. The Court presumes that Corso raised a predicate felon claim. On January 26, 1999, the court denied his motion, finding that "[t]he grounds raised in the instant motion were either raised and rejected on defendant's appeal and prior CPL 440 motion or not raised at all, and, therefore, waived." (Order of Supreme Court, Suffolk County (Klein, J.S.C.), 1/26/99, at 1). On April 5, 1999, the Appellate Division denied Corso leave to appeal that decision. On May 17, 1999, the New York Court of Appeals also denied Corso leave to appeal.

On January 13, 2000, Corso filed the instant petition for a writ of habeas corpus, alleging: (1) the predicate felon statement produced by the prosecution was inaccurate and did not meet the requirements of the New York predicate felon statute; (2) the predicate felony, a federal violation, did not have a comparable New York statute; and (3) the New York state predicate felon statute violates the Ex Post Facto clause of the federal constitution.

## DISCUSSION

Corso filed this action after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Accordingly, AEDPA's provisions apply to his case. *Williams v. Taylor,* 529 U.S. 420, 429, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000).

Under the provisions of Section 2254(d), a habeas corpus application must be denied unless the state court's adjudication of the claim either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). A decision is "contrary to" established Federal law if it either "applies a rule that contradicts the governing law set forth in" a Supreme Court case, or if it "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [their] precedent." *Penry v. Johnson,* 532 U.S. 782, 792, 121 S.Ct. 1910, 150 L.Ed.2d 9 (2001) (citing *Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)). A decision is an "unreasonable application of" clearly established Supreme Court precedent if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.*

## A. As to the "In Custody" Requirement

■ Corso filed this habeas corpus petition on January 13, 2000, while serving his prison term. According to the New York State Department of Correctional Services website ("www.nysdocslookup.docs.state.ny.us"), Corso was released from custody on May 2, 2000. Although Corso's claims relate to a prior conviction, he challenges the conviction for which he was confined at the time he filed the habeas corpus petition. Thus, he satisfies the

"in custody" requirement. *See Lackawanna County Attorney v. Coss,* 532 U.S. 394, 401–02, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001). Further, the Court may presume that adverse collateral consequences result from a criminal conviction. *See Carafas v. LaVallee,* 391 U.S. 234, 237–38, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); *see also Sibron v. New York,* 392 U.S. 40, 51–55, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968); *Jones v. Cunningham,* 371 U.S. 236, 242–43, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963). Accordingly, even though Corso is no longer physically confined, his habeas corpus petition is not moot and the Court may review it. *Scanio v. United States,* 37 F.3d 858, 860 (2d Cir.1994).

### B. As to the Predicate Felon Claim

Corso's enhanced sentence was based on a conviction in the United States District Court, Southern District of New York (Lasker, J.). On September 25, 1981, Corso pled guilty to conspiracy to distribute narcotics via telephone communication facilities. (*See* 21 U.S.C. §§ 841, 843, 846; *see also* Exh. 5, Pet.r's Mem. of 1/13/00). At his sentencing for the 1988 state conviction, Corso admitted to the accuracy of the 1981 federal conviction, and he also stated that he did not challenge the constitutionality of that conviction. (*See* Pet'r's Mem. of 1/13/00, at 1).

■ The Supreme Court held that if a prior conviction "is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid." *Lackawanna,* 532 U.S. at 403, 121 S.Ct. 1567 (citing *Daniels v. United States,* 532 U.S. 374, 382, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001)). Further, "[i]f that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Id.* at 403–04, 121 S.Ct. 1567. Two exceptions to this rule that the Supreme Court has recognized are where "there was a failure to appoint counsel in violation of the Sixth Amendment," or where a petitioner presents "compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner." *Id.* at 405, 121 S.Ct. 1567. Neither of those exceptions are applicable here. Thus, because Corso previously failed to challenge his 1981 conviction, he cannot dispute the constitutionality of his 1981 conviction in this habeas corpus petition. *See Dickens v. Filion,* No. 02 Civ. 3450, 2002 WL 31477701, at *19 (S.D.N.Y. Nov.6, 2002); *Ennis v. Walker,* No. 00 Civ. 2875, 2001 WL 409530, at *18 (S.D.N.Y. April 6, 2001).

■ However, Corso challenges the constitutionality of enhancing his 1988 sentence with his 1981 conviction. The Supreme Court has not directly addressed whether the rule in *Lackawanna* (forbidding challenges to current convictions based on the alleged unconstitutionality of a prior conviction) acts to bar Corso's claims. In any event, the Court finds that Corso's claims are without merit. Corso's first claim (regarding the accuracy of the prosecution's prior felony offender statement) and his second claim (arguing that he is not a second felony offender because his prior federal conviction did not have a comparable New York law), do not rise to the level of a federal constitutional violation. *See Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In

conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.") (citing 28 U.S.C. § 2241; *Rose v. Hodges,* 423 U.S. 19, 21, 96 S.Ct. 175, 46 L.Ed.2d 162 (1975) (*per curiam* )). Further, as noted above, Corso admitted to the accuracy of the 1981 conviction at his 1988 sentencing. Corso has not demonstrated that the state court's decisions regarding the accuracy of the prior felony statement or a comparable New York statute violated his federal constitutional rights. Accordingly, these claims are denied.

■ Corso's third claim generally alleges that New York's predicate felon statute violates the Ex Post Facto clause of the federal constitution. This claim also has no merit. It is well settled that such statutory schemes are constitutional. *See Gryger v. Burke,* 334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948) (upholding state habitual criminal statute that enhanced penalties for future crimes based on prior crimes committed before the enactment of the statute). The Second Circuit has consistently held that the Ex Post Facto Clause is not violated by New York's recidivist statutes, because "[t]he person convicted of the predicate offense, whether newly designated within the category of predicate offenses or newly reclassified as falling within a previously designated category of predicate offenses, is on notice that his future criminal conduct will subject him to enhanced penalties." *Covington v. Sullivan,* 823 F.2d 37, 39 (2d Cir.1987); *see also Griffin v. Mann,* 156 F.3d 288, 292 (2d Cir.1998) (upholding the constitutionality of New York persistent felony offender statute, even though predicate federal or out-of-state felonies are not required to have a New York counterpart); *United States v. Brady,* 26 F.3d 282, 291 (2d Cir. 1994) ("One of the principal aims of the Ex

Post Fact clause is to ensure that individuals have fair notice of what conduct is criminally proscribed."). Corso's 1988 conviction occurred after New York passed its punishment-enhancing statutes. Thus, there is no retroactivity problem that would implicate the Ex Post Facto clause. *See United States v. Bull,* 103 F.Supp.2d 741, 743 (S.D.N.Y.2000) (collecting circuit cases). Corso has not demonstrated that his enhanced sentence violates the Ex Post Facto clause of the federal constitution. Accordingly, Corso's claim regarding the New York predicate felon statute is denied.

## *CONCLUSION*

For the foregoing reasons, Corso's petition for a writ of habeas corpus is DENIED.

Pursuant to Fed. R.App. P. 22(b) and 28 U.S.C. § 2253(c)(2), a certificate of appealability is denied, as Corso has not made a substantial showing of a denial of a constitutional right. *Miller–El v. Cockrell,* 537 U.S. 322, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003); *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983); *Lucidore v. New York State Div. Of Parole,* 209 F.3d 107, 112 (2d Cir.2000).

The Clerk of the Court is directed to close this case.

**SO ORDERED.**